**MOTIOGRAPH, INC., Appellant,**

v.

**W. D. MATTHEWS, Appellee.**

**No. 19242.**

Court of Civil Appeals of Texas, Dallas.

Aug. 10, 1977.

Rehearing Denied Sept. 8, 1977.

Lanny E. Perkins, Fiedler & Fortescue, Dallas, for appellant.

Earl Bentley, Dallas, for appellee.

ROBERTSON, Justice.

W. D. Matthews sued his employer, Motiograph, Inc., seeking damages for the breach of an employment contract. When Motiograph failed to answer the suit, the district court, after a hearing, rendered a default judgment for Matthews in the sum of $24,186, together with $3,500 in attorney's fees. Subsequently Motiograph moved to have the judgment set aside; however, the motion was overruled, and Motiograph now appeals. We affirm.

 The basic question on this appeal is whether Motiograph demonstrated sufficient grounds to justify vacation of the default judgment. Our particular concern is whether Motiograph has alleged facts to support its lack of conscious indifference or intentional disregard with sufficient specificity. Setting up a meritorious defense and showing that the plaintiff will not be prejudiced if the judgment is vacated are, standing alone, insufficient grounds for setting aside a default judgment; the defendant must also allege and prove facts show-

ing that its failure to answer before judgment was not intentional or the result of conscious indifference on its part. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939); *City of San Antonio v. Garcia*, 243 S.W.2d 252 (Tex.Civ.App. – San Antonio 1951, writ ref'd). A default judgment cannot be vacated upon general allegations or conclusions. *Cf. Ivy v. Carrell, supra* at 214 (general allegations regarding meritorious defense held insufficient; motion must set forth facts which would constitute a defense). Rather, the defendant must specify facts which, if true, would thoroughly demonstrate the inadvertence of its failure to respond. *Martin v. Ventura*, 493 S.W.2d 336, 338 (Tex.Civ.App. – Tyler 1973, no writ); *Harris v. Lebow*, 363 S.W.2d 184, 186 (Tex.Civ.App. – Dallas 1962, writ ref'd n. r. e.).

█ In its motion, Motiograph alleged the following:

There was no negligence or lack of diligence on the part of Defendant in permitting Default Judgment to be entered. Service of Plaintiff's Petition was had upon one of the employees, not upon any officer of Defendant, and said citation and petition was inadvertently misplaced by said employee and was never delivered to any officer of Defendant. Immediately upon receiving notice of the entry of the said Default Judgment, Defendant retained the undersigned attorney and made this Motion to Set Aside Default Judgment.

In our view, these statements are merely conclusory and do not set forth sufficiently specific facts from which the trial court or this court can determine whether the conscious indifference standard has been met. The assertion that the citation was "inadvertently misplaced" after service upon Motiograph's employee merely summarizes an undisclosed chain of events which purportedly excuse Motiograph's unresponsiveness. Likewise, the affidavit attached to the motion merely recites that the motion's allegations are "true and correct" and does not

set forth any explanatory facts. Furthermore, there is no record that defendant tendered evidence regarding the particular facts surrounding service and the alleged loss of citation at any hearing on the motion. Under these circumstances, we hold that Motiograph has not shown itself entitled to vacation of the default judgment.

Accordingly, the judgment of the district court is affirmed.