**BANCTEXAS MCKINNEY,
N.A., Appellant,**

v.

**DESALINATION SYSTEMS,
INC., Appellee.**

**No. 05–92–01037–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 17, 1992.

Rehearing Denied Jan. 22, 1993.

A. Robert Lamb, Keith C. Zagar, Dallas, for appellant.

Sharon E. Grass, Mesquite, for appellee.

Before BAKER, KINKEADE and MALONEY, JJ.

OPINION

KINKEADE, Justice.

BancTEXAS McKinney, N.A. appeals a default judgment rendered in favor of Desalination Systems, Inc. In its sole point of error, BancTEXAS argues that the trial court erred in denying its motion for new trial. Because the trial court did not abuse its discretion in denying BancTEXAS' motion for new trial, we affirm the trial court's judgment.

FACTUAL AND PROCEDURAL
HISTORY

On May 31, 1991, Desalination Systems obtained a judgment against Technical Pu-

rification, Inc. On January 8, 1992, Desalination Systems filed an application for writ of garnishment against BancTEXAS, as garnishee, for the purpose of garnishing any of Technical Purification's accounts or property in the bank's possession in satisfaction of the May 31, 1991 judgment. The writ issued and was served on Allen Sanderson, BancTEXAS' president, on January 9, 1992. The bank failed to answer. On February 6, 1992, the trial court entered a default judgment against BancTEXAS. The trial court denied BancTEXAS' motion for new trial.

## MOTION FOR NEW TRIAL

In its point of error, BancTEXAS contends that the trial court erred by overruling its motion for new trial. BancTEXAS argues that the trial court abused its discretion in overruling the motion because the bank showed (1) that it failed to answer because the writ of garnishment was lost during a relocation of offices, (2) that it was not indebted to Technical Purification in the amount stated in the writ of garnishment, and (3) that it was ready to try the case and had offered to reimburse Desalination Systems for its expenses incurred in obtaining the default judgment.

A ruling on a motion for new trial is within the sound discretion of the trial court. *Equinox Enters. v. Associated Media,* 730 S.W.2d 872, 875 (Tex.App.—Dallas 1987, no writ). However, this is not an unbridled discretion; there are certain guiding rules and principles. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). A default judgment should be set aside and a new trial ordered if (1) the defendant's failure to answer was not intentional, or the result of conscious indifference, but was due to a mistake or accident, (2) the motion for new trial sets up a meritorious defense, and (3) the granting of the motion will occasion no delay or otherwise work an injury to the plaintiff. *Id.*

### Failure to Answer

BancTEXAS contends that the facts surrounding its failure to answer establish the first element of the *Craddock* test. The bank argues that, at the time the writ was served, it was undergoing a major relocation of offices, personnel, and records within its building. As a result, the writ was set aside, misplaced, and lost. Thus, BancTEXAS argues that its failure to answer was the result of an accident or mistake. BancTEXAS cites several cases to support its argument that losing or misplacing the citation is a valid excuse. *See Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex.1984); *Craddock,* 133 S.W.2d at 126; *Ferguson & Co. v. Roll,* 776 S.W.2d 692, 695 (Tex.App.—Dallas 1989, no writ).

The cases relied upon by BancTEXAS provide that losing or misplacing a citation is a valid excuse; however, BancTEXAS' reliance on these cases is misplaced because there must be competent proof of this excuse. In *Strackbein* and *Ferguson & Co.,* affidavits of the persons actually served accompanied the motions for new trial along with various other affidavits. Those affidavits precisely described how the citations were misplaced. *Strackbein,* 671 S.W.2d at 39; *Ferguson,* 776 S.W.2d at 694–95.

The only evidence presented by BancTEXAS in connection with its motion for new trial was the affidavit of Richard H. Braucher, the bank's senior vice president. Allen Sanderson, the bank president who was actually served with the writ of garnishment, did not file a supporting affidavit or testify at the hearing on the motion for new trial. Braucher's affidavit states only in general terms that a relocation was taking place and that the citation was misplaced and lost. There is no affidavit from Sanderson, or anyone else who actually handled the citation, explaining how the citation was lost or where in the chain of communication a breakdown occurred that led to the failure to answer the citation.

Braucher's affidavit was merely conclusory, and the trial court did not have to consider it in determining whether the intentional or conscious indifference test was met. *Nichols v. TMJ Co.,* 742 S.W.2d 828, 831 (Tex.App.—Dallas 1987, no writ) (although transportation problems have been

held to establish the absence of intentional or consciously indifferent conduct, mere allegation of "car trouble," without specific facts or detailed description of events, was insufficient); *Motiograph, Inc. v. Matthews*, 555 S.W.2d 196, 197 (Tex.App.—Dallas 1977, writ ref'd n.r.e.) (assertion that the citation was "inadvertently misplaced" by employee after service merely summarized an undisclosed chain of events).

Since BancTEXAS did not establish by competent evidence that its conduct was not intentional or consciously indifferent, we need not determine whether the other *Craddock* elements are satisfied. *Nichols*, 742 S.W.2d at 831. Because BancTEXAS did not satisfy the first element of the *Craddock* test, the trial court did not abuse its discretion when it denied the bank's motion for new trial. We overrule Banc-TEXAS' point of error.

We affirm the trial court's judgment.