Affirmed and Memorandum Opinion filed November 20, 2003















Affirmed and
Memorandum Opinion filed November 20, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01252-CV

_______________

 

ANCHOR
FUMIGATION & PEST CONTROL, INC., Appellant

 

V.

 

CONRAD CORTES, Appellee

__________________________________________________

 

On Appeal from
the 152nd District Court

Harris County, Texas

Trial Court
Cause No. 01-49023

__________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            In this appeal from a default
judgment, appellant, Anchor Fumigation and Pest Control, Inc., contends the
trial court erred in denying its motion for a new trial.  We affirm.

Background

            Conrad Cortes, appellee,
brought suit against his former employer, Anchor Fumigation and Pest Control,
Inc. (Anchor), alleging disability discrimination and workers’ compensation
retaliation.  Appellant failed to file an
answer and the trial court signed an interlocutory default judgment as to
liability against appellant on February
 14, 2002. Appellant filed two motions for new trial, and both
were denied.  After a hearing on damages,
the final judgment was signed on September
 6, 2002.  Appellant
filed another motion for new trial on October 2, 2002, which was denied on November 8, 2002.  Appellant filed a second amended motion for
new trial on December
 4, 2002.  The trial
court did not rule on this motion.

Discussion

            In its only issue, appellant claims
the trial court erred by denying a new trial because it met all three
requirements for obtaining a new trial. 
To obtain a new trial after a default judgment, the defaulting party
must (1) establish that its failure to file an answer or appear was not
intentional or the result of conscious indifference, but was due to mistake or
accident; (2) offer a meritorious defense; and (3) demonstrate that granting a
new trial will not result in delay or prejudice to the plaintiff.  Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939).  When all three
of these requirements are met, the court abuses its discretion in denying a
motion for new trial.  Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81,
85 (Tex.
1992).   

            Much of the evidence to support
appellant’s claim was submitted to the trial court with its second amended
motion for new trial on December
 4, 2002.  Before
considering the merits of appellant’s claim, we must address appellee’s contention that its second amended motion for
new trial was not timely filed.

            A motion for new trial must be filed
within thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(a).  Appellant’s second amended motion for new trial
was filed almost three months after the final judgment was signed.  Nevertheless, appellant claims that the
motion was timely because it was filed while the trial court retained plenary
power.  A trial court retains plenary
power for thirty days after a timely filed motion for new trial has been
overruled.  Tex. R. Civ. P. 329b(e).  However, motions filed more than thirty days
after the judgment is signed may not be considered on appeal, even though filed
while the trial court retains plenary power.  Moritz v. Preiss,
2003 WL 21356011, at *4 (Tex. June 12, 2003) (not designated for publication); Willacy County Appraisal Review Bd. v.
South Padre Land Co., 767 S.W.2d 201, 202 (Tex. App.—Corpus Christi 1989,
no writ); Homart Dev. Co. v. Blanton, 755 S.W.2d 158,
160 (Tex. App.—Houston [1st Dist.] 1988, no writ).  Because appellant’s second amended motion for
new trial was not filed within thirty days after the judgment was signed, it is
a nullity, and we will not consider it in this appeal.  Moritz, 2003 WL 21356011, at *4; Willacy County Appraisal Review Bd., 767
S.W.2d at 202; Homart Dev. Co., 755 S.W.2d at 160. 

            Appellant claims that its failure to
answer the suit was accidental, and not the result of conscious
indifference.  In its timely filed motions
for new trial, appellant submitted the affidavit and deposition of Cynthia
Montgomery, president of Anchor.  Montgomery stated
that she instructed an employee to fax the suit to appellant’s insurance agent,
expecting the agent to hire an attorney to answer the suit, but the agent
mistakenly misplaced or lost the citation and petition.  She further stated that the agent was not
consciously indifferent in failing to file an answer.      

            When a defendant
relies on an agent or representative to file an answer to a suit, the defendant
must establish that the failure to file an answer was not the result of the
party’s or the agent’s conscious indifference.  Estate of Pollack v. McMurrey, 858 S.W.2d 388, 391 (Tex. 1993); Lowe v. Lowe, 971
S.W.2d 720, 723 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  A defendant must set forth facts that negate
intentional or consciously indifferent conduct. 
Strackbein v. Prewitt, 671
S.W.2d 37, 38-39 (Tex. 1984).  Losing or misplacing a citation or petition is
a valid excuse for failing to answer a suit, but there must be competent proof
of the excuse.  Freeman v. Pevehouse,
79 S.W.3d 637, 644 (Tex. App.—Waco 2002, no
pet.).  Conclusory
allegations are insufficient to establish the absence of intent or conscious
indifference.  Holt Atherton Industries,
Inc. v. Heine, 835
S.W.2d 80, 82 (Tex. 1992); Halligan v. First Heights, F.S.A.,
850 S.W.2d 801, 804 (Tex. App.—Houston [14th Dist.] 1993, no writ).

            Here, the only proof appellant’s
agent lost the citation was Montgomery’s conclusory statement that the agent had done so.  Other than this statement, appellant
presented no evidence regarding what became of the petition beyond the
employee’s faxing it to the agent. 
Specifically, appellant presented no evidence with respect to the
agent’s handling of the petition.  There
is no evidence from anyone at the insurance agency verifying that the petition
was lost, explaining how it was lost, or explaining what led to the failure to
file an answer.  Montgomery’s conclusory statement was not competent proof that the agent
failed to file an answer due to mistake or accident.  See Mitiograph, Inc. v. Mathews, 555
S.W.2d 196, 197 (Tex. Civ. App.—Dallas 1977,
writ ref’d n.r.e.) (statement that the citation was “inadvertently misplaced”
was conclusory and failed to set forth any facts to
support vacation of default judgment); cf.
Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 125-26 (Tex. 1939)
(detailed recitation of events leading to the misplacement of citation
precluded finding that defendant acted intentionally or with conscious
disregard).  See also BancTEXAS McKinney, N.A. v. Desalination Systems, Inc., 847 S.W.2d 301, 303 (Tex.
App.—Dallas 1992, no pet.) (employee’s conclusory statement 
that an office relocation was taking place and citation was lost did not
establish mistake or accident where employee had not handled the
citation).  

            We recognize that a trial court
should exercise its discretion in granting a new trial liberally to allow a
defendant his day in court.  Sexton v. Sexton, 737
S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no writ).  However, when we review the trial court’s
decision to deny a motion for new trial, we may not disturb its ruling absent
an abuse of discretion.  See Bank One, Texas, N.A., 830 S.W.2d at 85.  A trial court abuses its discretion by
denying a new trial only if the defendant has met all three of the Craddock requirements.  Id.  Because appellant did not establish its agent
acted without intent or conscious disregard, the trial court did not abuse its
discretion in denying the motion for new trial. 
Accordingly, appellant’s issue is overruled, and the judgment of the
trial court is affirmed.

 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed November 20, 2003.

Panel
consists of Chief Justice Brister and Justices
Anderson and Seymore.