# NO. 12-04-00084-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FIDELITY & GUARANTY*<br>*INSURANCE COMPANY,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *DREWERY CONSTRUCTION*<br>*COMPANY, INC.,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *OPINION*

Appellant Fidelity and Guaranty Insurance Company appeals a default judgment in favor of Appellee Drewery Construction Company, Inc. Fidelity raises three issues on appeal. We affirm.

## BACKGROUND

Drewery entered into a subcontractor's agreement with JenCra, Inc. to provide labor and materials for a construction project known as the Cypress Ridge Townhomes in Nacogdoches, Texas. JenCra was the general contractor and Fidelity was the insurer on a payment bond for the townhome project.

Drewery asserted that JenCra had not paid for labor and materials supplied to the project in connection with alleged construction change orders. During the course of the controversy, Fidelity requested that Drewery produce "approved change orders." Drewery failed to do so and JenCra denied that any existed. Drewery submitted a claim against the bond for $167,011.48 and

subsequently filed and recorded an Affidavit for Mechanic's and Materialmen's Lien against the real property on which the construction project was located. Fidelity denied Drewery's claim and Drewery filed suit against JenCra and Fidelity.

Drewery served citation on Fidelity through its registered agent for service, the Corporate Service Company ("CSC") in Austin. Drewery also attempted to serve JenCra through its registered agent for service, Craig Harris. Service on Harris was unsuccessful at his registered address, and the unexecuted citation was returned. Drewery then filed Plaintiff's First Amended Original Petition, alleging that JenCra was subject to service of citation through a Texas long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 1997). Accordingly, Drewery served JenCra by serving the Texas Secretary of State. Neither Fidelity nor JenCra appeared or filed an answer.

On November 14, 2003, the trial court held a default judgment hearing. Drewery was the only party that appeared at the hearing. After live testimony and admission of other evidence, the trial court entered an Interlocutory Judgment by Default against Fidelity.

On December 3, 2003, the Secretary of State certified that Plaintiff's First Amended Original Petition was forwarded on November 13, 2003 to JenCra at 5796 Hoffner Avenue, Suite 604, Orlando, FL 32822-4822. Process was returned to the Secretary of State on December 2, 2003, bearing the notation "Box Closed." Drewery subsequently filed a Certificate of Last Known Address for both JenCra and Fidelity.

On January 7, 2004, the trial court held another default judgment hearing at which Drewery appeared. Fidelity and JenCra still had not appeared or filed an answer. After hearing evidence and examining the pleadings and exhibits on file, the trial court found that JenCra was indebted to Drewery in the amount of $158,131.05 plus prejudgment interest of $6,303.66, attorney's fees of $3,150.00, and court costs of $427.00. The court granted a default judgment against JenCra, incorporated the interlocutory judgment against Fidelity, and ordered that JenCra and Fidelity, jointly and severally, pay Drewery for damages in the sum of $168,011.71.

Fidelity filed a motion for new trial alleging that the default judgment should be vacated and a new trial granted because (1) it met the three *Craddock* requirements and (2) the evidence is legally and factually insufficient to support the damages awarded to Drewery. The trial court denied Fidelity's motion. This appeal followed.

2

## SERVICE OF CITATION

In its first issue, Fidelity asserts there are two reversible errors that are apparent from the record. First, it claims a defect on the face of the citation deprived the trial court of personal jurisdiction. Second, it claims that because Drewery failed to serve Fidelity with the "live" pleading before taking a default judgment, the judgment is void as a matter of law.

### Standard of Review

A default judgment is improper against a defendant who has not been served in strict compliance with the law. *See* TEX. R. CIV. P. 124; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 290 (Tex. App.–Dallas 2003, no pet.). However, strict compliance does not require "obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.–Houston [1st Dist.] 1995, no writ). Whether a court has personal jurisdiction over a defendant is a question of law that is reviewed de novo. *See Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

### Style of Citation

The Texas Rules of Civil Procedure provide that the citation "shall show the names of the parties." *See* TEX. R. CIV. P. 99(b)(7). In the instant case, Fidelity asserts service was improper because the style appearing on the citation – "Drewery Construction Co., Inc. Vs. JenCra, Inc. & Fidelity and" – did not include the remainder of Fidelity's name – Guaranty Insurance Company. To support its argument that this omission constitutes reversible error, Fidelity relies on *Faggett v. Hargrove*, 921 S.W.2d 274 (Tex. App.–Houston [1st Dist.] 1995, no writ). There, the style of the case was shown as "Plaintiff: Hargrove, Jean v. Defendant: Inre." This style did not include the name of the defendant, Drexell Faggett. Thus, the service was held to be invalid since the identity of the defendant could not be ascertained. *See Faggett*, 921 S.W.2d at 276-77.

Here, "Fidelity and Guaranty Ins. Co." was identified as the defendant in the preceding section of the citation, and its correct address for service of citation was listed. In another section,

3

Drewery and Fidelity's co-defendant, JenCra, were BOTH named. Thus, all parties were named in the citation. *See* TEX. R. CIV. P. 99(b)(7). Further, the petition includes facts to provide Fidelity with notice that it was the intended defendant. Default judgment will be affirmed if the correct defendant was served and the petition describes facts such that the correct defendant knows it is the intended defendant. *See Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex. App.–Austin 2001, no pet.). That occurred here. Consequently, this argument is without merit.

**Failure to Serve Amended Pleading**

A judgment shall not be rendered against any defendant that has not been served. *See* TEX. R. CIV. P. 124. A party must be served with citation and a copy of the original petition in strict compliance with Rule 99. *See* TEX. R. CIV. P. 99. However, parties may give notice of subsequent filings or motions by the methods specified in Rule 21a. *See* TEX. R. CIV. P. 21a. "A certificate by a party or an attorney of record . . . showing service of a notice shall be prima facie evidence of the fact of service." *Id*.

As a general rule, when a defendant does not answer, it admits all material facts properly alleged in its opponent's petition. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). But a defendant's failure to answer is an admission of liability only when the "live" pleadings have been properly served. *See Harris v. Shoults*, 877 S.W.2d 854, 855 (Tex. App.–Fort Worth 1994, no writ). When a plaintiff files an amended petition, the new pleading supplants all earlier petitions. *See CIGNA Ins. Co. v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex. App.–Austin 1995, no writ). New citation is necessary for a party who has not appeared only when the plaintiff, by an amended petition, seeks a more onerous judgment against the unserved party than prayed for in the original pleading. *See Weaver v. Hartford Accident and Indem. Co.*, 570 S.W.2d 367, 370 (Tex. 1978).

Fidelity concedes that it was served with the original petition through CSC. However, Fidelity urges service of citation was improper because it was not served with a copy of the amended petition upon which the default judgment was based. In its first amended petition, Drewery states that Fidelity may be served through its agent for service of process, "Corporation Service Company, at 800 Brazos Street, Austin, Texas 78701." But the record does not clearly reflect that Drewery served the first amended petition on Fidelity as provided in Rule 21a. Specifically, the first amended petition does not include a certificate of service, which would have been prima facie evidence of

4

proper service. *See* TEX. R. CIV. P. 21a.

Upon careful examination of the two petitions, we note that the amended petition reflects that JenCra was being served with citation under the authority of section 17.044 of the Texas Civil Practice and Remedies Code, a Texas long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 1997). In its original petition, Drewery alleged that JenCra was being served with citation through its registered agent, Craig Harris. No other changes were made. The amendment did not assert new claims or request a more onerous judgment against Fidelity or JenCra. *See Weaver*, 570 S.W.2d at 370; *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 693-94 (Tex. App.–Corpus Christi 2000, pet. denied) (holding that after original petition had been properly served on defendant, failure to serve amended petition was not error since it contained only insignificant changes). Therefore, we conclude that failure to serve the amended petition did not render the default judgment void. Consequently, Appellant's first issue is overruled.

## NO-ANSWER DEFAULT JUDGMENT

In its second issue, Fidelity contends that the trial court abused its discretion by not granting a new trial and vacating the default judgment. Specifically, Fidelity asserts that it met all three requirements of the *Craddock* test and, therefore, the trial court should have granted the motion for new trial. *See Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

### Standard of Review

A ruling on a motion for new trial is within the sound discretion of the trial court. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). However, there are certain guiding rules and principles that serve to "bridle" this discretion. *See Craddock*, 133 S.W.2d at 126. A default judgment should be set aside and a new trial ordered if (1) the defendant's failure to answer was not intentional, or the result of conscious indifference, but was due to a mistake or accident, (2) the motion for new trial sets up a meritorious defense, and (3) the granting of the motion will cause no delay or otherwise cause an injury to the plaintiff. *Id*. Before a trial court is required to grant a motion for new trial, the defaulting defendant has the burden of proving all three elements of the *Craddock* test are met. *Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 532 (Tex. App.–San Antonio 1988, writ denied). To meet this burden, a defendant must explain under oath what mistake or accident caused the failure

5

to timely file an answer. *See Freeman v. Pevehouse*, 79 S.W.3d 637, 645 (Tex. App.–Waco 2002, no pet.). "Proof positive of the mistake or accident is not required; nothing more than the declarant's statement of belief as to what caused the failure to timely file an answer is competent proof." *Id.* We review the trial court's denial of a post-default motion for new trial for abuse of discretion. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Republic Bankers Life Ins. Co. v. Dixon*, 469 S.W.2d 646, 648 (Tex. Civ. App.–Tyler 1971, no writ).

**Applicable Law and Discussion**

In determining whether the failure to answer was due to intentional conduct or conscious indifference, we must look to the knowledge and acts of the defendant as shown by all the evidence contained in the record before the court. *Evans*, 889 S.W.2d at 269. If the factual assertions in the defendant's affidavits are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct. *Strackbein*, 671 S.W.2d at 38-39. However, conclusory allegations are insufficient. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

*The Evidence in the Record*

The evidence in the record consists of four affidavits attached to Fidelity's motion for new trial. The first affidavit is from Richard Selwood, the service of process manager with CSC. Selwood stated that CSC did not follow the typical electronic procedure established for notifying Fidelity that CSC had received a petition. He stated that he could not verify whether a hard copy of the petition was sent to Fidelity. However, he noted that on November 6, 2003, an unidentified employee with Fidelity acknowledged receipt of the petition.

Nicole Halgrimson, legal analyst in the corporate legal department of St. Paul/Fidelity, provided the second affidavit. After outlining the typical procedure followed between CSC and Fidelity after CSC receives a petition, she stated her department never received the electronic version of the petition. She also explained that her department discards hard copies of documents after ninety days and that if they had received such a hard copy, it would have already been discarded because ninety days had elapsed.

Wanda O'Hare, an assistant in the surety claims department of Fidelity, provided the third affidavit. After outlining the typical procedure followed between CSC and Fidelity, she stated she

6

was the person charged with receiving all new lawsuits filed against Fidelity that involve surety claims. However, she had no record of receiving a copy of Drewery's petition.

Finally, Greg Daily, the surety claims director for Fidelity, provided the fourth affidavit. Daily stated that Drewery submitted a claim against the bond, but it was denied because Drewery had not provided the requested paperwork. He also confirmed that he received a letter from Drewery's counsel on February 11, 2004 that included a copy of the default judgment. Daily stated this was the first time Fidelity was aware of the lawsuit.

### *Application of the Law to the Facts*

The submitted affidavits explain the normal procedure for handling new lawsuits CSC received on behalf of Fidelity. But there is no affidavit from a person who actually handled the citation explaining how the citation was lost or where in the chain of communication a breakdown occurred that led to Fidelity's failure to answer the citation. *See BancTEXAS McKinney, N.A. v. Desalination Sys., Inc.*, 847 S.W.2d 301, 302-03 (Tex. App.–Dallas 1992, no writ) (holding that without an affidavit from the person who actually mishandled the citation, the evidence was insufficient to show the breakdown that led to the failure to answer); *see also Anchor Fumigation & Pest Control, Inc. v. Cortes*, No. 14-02-01252-CV, 2003 WL 22724766, at *2 (Tex. App.–Houston [14th Dist.] Nov. 20, 2003, no pet.) (conclusory statement that agent had lost the citation, without other proof, insufficient to show mistake or accident); *Freeman*, 79 S.W.3d at 645 (declarant's affirmative allegations, without more, not enough to support a conclusory statement that failure to file was not intentional or the result of conscious indifference); *Nichols v. TMJ Co.*, 742 S.W.2d 828, 831 (Tex. App.–Dallas 1987, no writ) (mere allegation of "car trouble," without more, insufficient to show that failure to appear was neither intentional nor the result of conscious indifference); *Motiograph, Inc. v. Matthews*, 555 S.W.2d 196, 197 (Tex. Civ. App.–Dallas 1977, writ ref'd n.r.e.) (assertion that the citation was "inadvertently misplaced" merely summarizes an undisclosed chain of events and, therefore, insufficient to show entitlement to vacation of the default judgment). *But cf. Gen. Life and Accident Ins. Co. v. Higginbotham*, 817 S.W.2d 830, 832 (Tex. App.–Fort Worth 1991, writ denied) (although there was no explanation as to who misfiled the petition or when it was filed, burden to show mistake or accident was met because the petition was not taken to the proper officials of the company).

7

In this case, none of the affidavits Fidelity submitted explain what happened to the citation. Each affidavit stated that Fidelity's failure to answer was not intentional. However, a trial court cannot vacate a default judgment based only upon general allegations or conclusions. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). We conclude that Fidelity did not establish that its conduct was not intentional or consciously indifferent. Therefore, Fidelity did not meet the first *Craddock* requirement. Consequently, we need not address the remaining *Craddock* requirements. *See BancTEXAS McKinney*, 847 S.W.2d at 303; *Nichols*, 742 S.W.2d at 831.

We recognize that a trial court should exercise its discretion in granting a new trial liberally to allow a defendant his day in court. *Sexton v. Sexton*, 737 S.W.2d 131, 133 (Tex. App.–San Antonio 1987, no writ). However, when we review the trial court's decision to deny a motion for new trial, we may not disturb its ruling absent an abuse of discretion. *See Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). A trial court abuses its discretion by denying a new trial only if the defendant has met all three of the *Craddock* requirements. *Id.* Because Fidelity did not establish that it acted without intent or conscious disregard, the trial court did not abuse its discretion in denying the motion for new trial. Consequently, we overrule Appellant's second issue.

## SUFFICIENCY OF THE EVIDENCE OF DAMAGES

In its third issue, Fidelity contends the evidence is legally and factually insufficient to support the award of $168,011.71 in damages to Drewery.

### Standard of Review

When challenging the legal and factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced. *See Dawson v. Briggs*, 107 S.W.3d 739, 748 (Tex. App.–Fort Worth 2003, no pet.) (citing *Rogers v. Rogers*, 561 S.W.2d 172, 173-74 (Tex. 1978)). In deciding a legal sufficiency challenge, we consider only the evidence and inferences that, when viewed in the light most favorable to the judgment, tend to support the judgment, disregarding all evidence and inferences to the contrary. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981). In determining a factual sufficiency challenge, we consider all of the evidence in order to determine if the evidence supporting the finding is so weak or the evidence to the contrary so overwhelming that the judgment

8

should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

## Applicable Law and Discussion

Once a default judgment is taken against a nonanswering defendant on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except for the amount of damages. *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999). If the damages being claimed are unliquidated, the court rendering a default judgment must hear evidence on damages. TEX. R. CIV. P. 243; *Heine*, 835 S.W.2d at 83. Proof is required only with respect to damages, and a reviewing court cannot consider evidentiary points that contest liability. *Wall v. Wall*, 630 S.W.2d 493, 496 (Tex. App.–Fort Worth 1982, writ ref'd n.r.e.).

### The Evidence

In the instant case, Drewery attached to its petition a copy of (1) the subcontractor agreement between Drewery and JenCra, (2) the payment bond for the construction project, (3) Drewery's mechanic's and materialmen's lien affidavit, and (4) the notice of unpaid balance and demand for payment by Drewery to JenCra and Fidelity. The demand for payment listed two figures, one for retainage and one for pay request #12, totaling $167,111.48.

After neither defendant answered, the trial court held two hearings. In the first hearing, Drewery's accountant testified that the demand for payment was a correct figure. In the second hearing, the trial court admitted into evidence an itemized statement provided by Drewery that reflected the balance owed was $167,111.48. Also admitted into evidence was a letter from Drewery to Fidelity explaining that a payment of $8,980.43 had been made for materials furnished, thereby reducing the demand for payment to $158,131.05. Additionally, Drewery's president testified at the second hearing. He confirmed that the amounts sought reflected a true and correct balance owed by Fidelity. Further, counsel for Drewery took the stand and provided testimony about his reasonable and necessary attorney's fees.

### Application of the Law to the Facts

In asserting this issue, Fidelity must implicitly contend that the damages were unliquidated. Examples of unliquidated damages are personal injury damages, claims based on repair estimates, and the determination of property value absent written instruments verifying the value. *See Jones v. Andrews*, 873 S.W.2d 102, 107 (Tex. App.–Dallas 1994, no writ) (damages for personal injuries

9

are unliquidated); *Alvarado v. Reif*, 783 S.W.2d 303, 305 (Tex. App.–Eastland 1989, no writ) (claim for damages based on repair estimate is not a liquidated damage); *Willacy County Appraisal Review Bd. v. South Padre Land Co.*, 767 S.W.2d 201, 204 (Tex. App.–Corpus Christi 1989, no writ) (determination of property value is not liquidated demand where only evidence of property value was the conclusory allegation of value in plaintiff's unsworn petition).

A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual, as opposed to the conclusory, allegations in plaintiff's petition and the instrument in writing. *Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.–Houston [14th Dist.] 2001, no pet.) (suit to recover amount due for professional services was a liquidated claim proven by written instruments); *Mantis v. Resz*, 5 S.W.3d 388, 392 (Tex. App.–Fort Worth 1999, pet. denied), *rev'd on other grounds*, 43 S.W.3d 701, 702-03 (Tex. App.–Fort Worth 2001, no pet.) (in a suit on a sworn account, the petition with an attached sworn account and verified affidavit of the sworn account was a liquidated claim proved by written instruments); *Sheshunoff & Co. v. Scholl*, 560 S.W.2d 113, 115 (Tex. Civ. App.–Houston [1st Dist.] 1977, *rev'd on other grounds*, 564 S.W.2d 697 (Tex. 1978) (no further proof was required in suit to recover damages for breach of employment contract because the claim for damages was liquidated and proved by the employment contract attached to the petition). We disagree with Fidelity's conclusion that the damages here are unliquidated. We agree, however, that sufficient evidence of liquidated damages was not originally on file with the petitions.

In the subsequent hearings,[1] Drewery submitted damages evidence in writing as well as by testimonial evidence. *See Aavid Thermal Tech. of Texas v. Irving Indep. Sch. Dist.*, 68 S.W.3d 707, 711 (Tex. App.–Dallas 2001, no pet.) (damages may be proven by an instrument in writing and in the absence of instruments in writing, testimonial evidence may prove damages). The trial court was able to ascertain the amount of damages based on the itemized statement provided by Drewery. *See id.* Further, at the hearings, persons with the necessary knowledge, Drewery's accountant and

---

[1] Default judgments are not presumed to be final. *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986) (default judgment not addressing damage claim was not final). A court rendering an interlocutory default judgment retains jurisdiction to set the judgment aside and order a new trial. *Id.* at 694. Thus, the trial court did not err in considering evidence admitted at the second hearing since it retained jurisdiction prior to rendering final judgment.

10

president, attested to the accuracy of the amount of damages. For these reasons, we conclude that the evidence was both legally and factually sufficient for the trial court's award of damages to Drewery. Consequently, we overrule Appellant's third issue.

## DISPOSITION

Having overruled each of Appellant's issues, we *affirm* the trial court's judgment.

<u>DIANE DEVASTO</u>
Justice

Opinion delivered February 28, 2005.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)

11



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2005**

## NO. 12-04-00084-CV

**FIDELITY & GUARANTY INSURANCE COMPANY,**
Appellant
V.
**DREWERY CONSTRUCTION COMPANY, INC.,**
Appellee

---

Appeal from the 145th Judicial District Court
of Nacogdoches County, Texas. (Tr.Ct.No. C19,776-2003)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **FIDELITY & GUARANTY INSURANCE COMPANY**, for which execution may issue, and that this decision be certified to the court below for observance.

Diane DeVasto, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*