

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00201-CV

_____

CENTURY SPORTS WEARS, INC. D/B/A WYNFORD WHOLESALE, PERVEZ
DAREDIA, AND ASHRAF DAREDIA, Appellants

V.

WALLIS BANK F/K/A WALLIS STATE BANK, Appellee

_____

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 19-3906-362

_____

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

This is an appeal from the trial court's denial of Appellants' motion for new trial after default judgment. We affirm.

## I. Background

Wallis Bank f/k/a Wallis State Bank ("Wallis Bank") as the Plaintiff filed its Original Petition and Requests for Disclosure on April 26, 2019, and named Century Sports Wears, Inc. d/b/a Wynford Wholesale, Pervez Daredia, and Ashraf Daredia as Defendants ("Century Sports" or "Appellants"). On June 26, 2019, Wallis Bank filed a Motion for Default Judgment against Century Sports. On June 28, 2019, the Court signed a Final Default Judgment against Century Sports for the sums of $104,488.90, and $8,630.48, plus $5,723.42 in prejudgment attorney's fees and expenses, $8,500.00 in various conditional postjudgment attorney's fee awards, postjudgment interest, and court costs.

Century Sports filed their Original Answer in this matter on July 26, 2019. Century Sports also filed a Motion to Set Aside Default Judgment or in the alternative, Motion for New Trial on July 26, 2019. The Motion for New Trial was set for a hearing on September 26, 2019. At the hearing, the Court granted the motion in part and denied it in part. Due to the limited time before the expiration of the trial court's plenary power and time to timely file a motion to extend with this court, both of which ended on October 11, 2019, Century Sports filed a Notice of Appeal.

However, in the interim, the trial court signed another order titled "Order Partially Granting New Trial only as to Paragraph 3 [pertaining to attorney's fees] of the Final Default Judgment" from the hearing on the first Motion to Set Aside Final Default Judgment or in the Alternative, Motion for New Trial and it was signed on October 9, 2019. Since a new order was signed on October 9, 2019, Century Sports filed a Motion for Remand with this court seeking guidance about the jurisdiction of the appeal based on the recent trial court order. On December 5, 2019, this court dismissed Century Sports' first appeal.

Wallis Bank filed a Non-Suit as to its claim for attorney's fees on February 25, 2020.

On March 24, 2020, the Court signed its Final Judgment upon the request of Wallis Bank. As a result, Century Sports filed a Motion to Set Aside Default Judgment and/or in the alternative, Motion for New Trial on the Final Judgment signed on March 24, 2020 ("Motion for New Trial"). This Motion was filed on April 22, 2020, within thirty days after signing of the Final Judgment. The appellate record is devoid of any attempts by Appellants to have their Motion for New Trial heard by the trial court. It was eventually overruled by operation of law.

Century Sports filed a Notice of Appeal on June 19, 2020.

## II.     Standards of Review and *Craddock* Elements

The decision to grant a new trial after a default judgment is within the discretion of the trial court. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124,

3

126 (Tex. [Comm'n Op.] 1939); *In re E.P.C.*, No. 02-10-00050-CV, 2010 WL 5187691, at *1 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op.); *Johnson v. Edmonds*, 712 S.W.2d 651, 652 (Tex. App.—Fort Worth 1986, no writ). In determining whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *E.P.C.*, 2010 WL 5187691, at *1. An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low v. Henry*, 221 S.W.3d 609, 620 (Tex. 2007). In other words, an appellate court cannot merely substitute its judgment for that of the trial court. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g).

Further, when "no findings of fact and conclusions of law are filed, the denial of a motion to set aside the default judgment and for new trial must be upheld on any legal theory supported by the evidence." *Huey-You v. Kimp*, No. 02–16–00172–CV,

2018 WL 359633, at *5 (Tex. App.—Fort Worth Jan. 11, 2018, pet. denied) (mem. op. on reh'g); *see Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).

To complain that the trial court abused its discretion by failing to grant a motion for new trial under the *Craddock* rule, the movant must obtain a hearing on its motion. Failure to use diligence to obtain a hearing results in waiver of the point on appeal because the trial court was not given the opportunity to exercise its discretion before the motion was overruled by operation of law. *In re the Marriage of Adamski*, No. 14-16-00099-CV, 2017 WL 3158949, at *3–4 (Tex. App.—Houston [14th Dist.] June 25, 2017, no pet.) (mem. op.); *Seven-Thousand Eight-Hundred Twenty-Six Dollars in United States Currency v. State*, No. 03-16-00089-CV, 2016 WL 4628053, at *2–3 (Tex. App.—Austin Aug. 31, 2016, pet. denied) (mem. op.); *Felt v. Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (op. on reh'g); *Barrett v. Westover Park Cmty. Ass'n, Inc.*, No. 01-10-01112-CV, 2012 WL 682342, at *3 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.); *Truong v. Rose*, No. 03-99-00740-CV, 2000 WL 1125245, at *1 (Tex. App.—Austin Aug. 10, 2000, no pet.) (not designated for publication); *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Fluty v. Simmons Co.*, 835 S.W.2d 664, 668 (Tex. App.—Dallas 1992, no pet.); *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 357 (Tex. App.—Dallas 1985, no writ). If, however, the movant unsuccessfully exercises diligence in attempting to obtain a hearing by the trial

court, the point is not waived on appeal. *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188 (Tex. App.—Dallas 2000, pet. denied).

*Craddock* established the standard for trial courts to use in deciding whether a default judgment should be set aside and a new trial granted. The movant must establish (1) that the failure to appear "was not intentional, or the result of conscious indifference . . . , but was due to a mistake or an accident"; (2) that the movant has a meritorious defense; and (3) that the granting of the motion for new trial "will occasion no delay or otherwise work an injury to the plaintiff." *Craddock*, 133 S.W.2d at 126; *E.P.C.*, 2010 WL 5187691, at *1. As stated in *LaCombe*, "To support the motion for new trial, the defendant must make factual allegations that are supported by evidence, such as accompanying affidavits setting forth facts, which, if true, satisfy the standard." *Ramirez v. LaCombe*, No. 01-17-00977-CV, 2019 WL 922058, at *3 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.) (citations omitted). However, conclusory allegations are insufficient. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). If a party requesting a new trial meets all three requirements of the *Craddock* test, the trial court commits an abuse of discretion if it does not grant a new trial. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994).

In determining whether the failure to appear was due to intentional disregard or conscious indifference, the court "must look to the knowledge and acts of the defendant." *Strackbein*, 671 S.W.2d at 39. If the factual assertions in the defendant's

6

affidavit are uncontroverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994).

The party seeking a new trial has the burden to prove the lack of intent or conscious indifference by offering some type of excuse for the failure to answer, but the excuse need not necessarily be a good excuse. *Sharpe v. Kilcoyne*, 962 S.W.2d 697, 701 (Tex. App.—Fort Worth 1998, no pet.); *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 617–18 (Tex. App.—El Paso 1988, no writ). In other words, a "failure to appear is not intentional or due to conscious indifference . . . merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam).

When a defendant relies on his agent to file an answer, he must demonstrate that both he and his agent were free of conscious indifference. *Holt*, 835 S.W.2d at 83. A defendant does not relieve himself of this responsibility if the record is silent as to why the agent acted as it did. *See Harris v. Lebow*, 363 S.W.2d 184, 186 (Tex. App.—Dallas 1962, writ ref'd n.r.e.).

7

### III. Analysis

#### (a.) Appellants Failed to Preserve Error

The trial court signed its Final Judgment, from which this appeal is taken, on March 24, 2020. Appellants filed their Motion for New Trial on April 22, 2020, within thirty days of the date of the signing of the Final Judgment. However, the record is devoid of any hearing on this motion as well as any attempts to set this motion for hearing. It was ultimately overruled by operation of law. As set forth in the numerous cases cited above, a prerequisite for preserving error for appeal from denials of motions to set aside default judgments and grant new trials is that the movant must exercise diligence in having the motion heard by the court before the motion is overruled by operation of law. The movant is attempting to complain on appeal of the trial court's abuse of discretion, so the trial court must have been given the opportunity to exercise its discretion before an appellate court can determine if it abused its discretion. Appellants, having failed to present their Motion for New Trial to the trial court for determination before it was overruled by operation of law, failed to preserve error on this point.

#### (b.) Appellants Failed to Meet the First Element of the *Craddock* Test

Assuming that Appellants did preserve error for appeal, they failed to satisfy the first element of the *Craddock* test. Therefore, we hold that the trial court did not abuse its discretion in allowing Appellants' motion to be overruled by operation of law.

8

The three elements of the *Craddock* test are whether the Appellants' failure to timely answer was not intentional or the result of conscious indifference but was due to accident or mistake, whether Appellants set up a meritorious defense to the claims asserted by Appellee, and whether granting a new trial will cause undue delay or prejudice to the non-moving party. *Craddock*, 133 S.W.2d at 126. Failure to establish any element justifies a denial of the motion for new trial. In this case, the trial court was not requested to make findings of fact and conclusions of law, and it did not do so. As a result, we will uphold the denial of the motion for new trial if the evidence in the appellate record supports the denial based on a failure to satisfy any of the three *Craddock* elements. *La. C Store Wholesaler, Inc. v. Royal Nett Apparel, LLC*, No. 02-17-00331-CV, 2018 WL 3059966, at *4 (Tex. App.—Fort Worth June 21, 2018, no pet.) (mem. op. on reh'g).

The only proof offered by Appellants in support of their allegation that their failure to timely answer was not intentional or the result of conscious indifference was the affidavit of their attorney, Steve Snelson. The only substantive comments addressing this issue in the Affidavit were

3. "I was retained by Century Sports Wears, Inc. d/b/a Wynford Wholesale, Pervez Daredia and [Ashraf] Daredia, Defendants[,] to file an answer in the lawsuit filed against them by Wallis Bank f/k/a Wallis State Bank[.]"

4. "I drafted an answer to be filed with the Court prior to its dues [sic] date. I asked my secretary to file the answer prior to her leaving on vacation. Evidently, she failed to do so and it was learned that she did not file the answer until after the default was taken. The reason for the

9

failure to answer was due to a mistake and was not intentionally. Thought the answer had been timely filed[.]"

When a defendant relies on an agent or representative to file an answer to a suit, the defendant must establish that the failure to file an answer was not the result of the party's or the agent's conscious indifference. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993) (per curiam) (op. on reh'g); *Anchor Fumigation & Pest Control, Inc. v. Cortes*, No. 14-02-01252-CV, 2003 WL 22724766, at *2 (Tex. App.—Houston [14th Dist.] Nov. 20, 2003, no pet.) (mem. op.); *Lowe v. Lowe*, 971 S.W.2d 720, 723 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Generally, with proper proof, misplacing or losing paperwork by an agent may be a valid excuse for failure to timely answer. *BancTexas McKinney, N.A. v. Desalination Sys., Inc.*, 847 S.W.2d 301, 302 (Tex. App.—Dallas 1992, no pet.). Proper proof includes affidavits from persons who have personal knowledge of the handling of the documents and who give factual descriptions of how the loss or misplacement occurred. *Id.* at 302.

In *BancTexas*, the only affidavit supporting the motion for new trial was from the bank's vice president, who had no personal involvement with the suit paperwork. He generally described that the bank was undergoing relocation when it was served with the citation and concluded that the citation had been misplaced. Neither the bank president who had been served with citation nor any other employee who had handled it testified in person or by affidavit to explain "how the citation was lost or where in the chain of communication a breakdown occurred that led to the failure to

10

answer the citation." *Id.* The court held that this was insufficient, conclusory testimony to establish accident or mistake. *Id.*

*Motiograph, Inc. v. Matthews*, 555 S.W.2d 196, 197 (Tex. App.—Dallas 1977, writ ref'd n.r.e.), is similarly instructive. Motiograph was sued for breach of employment contract and failed to answer, and a default judgment was taken. In support of its motion for new trial, Motiograph alleged,

> There was no negligence or lack of diligence on the part of Defendant in permitting Default Judgment to be entered. Service of Plaintiff's Petition was had upon one of the employees, not upon any officer of Defendant, and said citation and petition was inadvertently misplaced by said employee and was never delivered to any officer of Defendant. Immediately upon receiving notice of the entry of the said Default Judgment, Defendant retained the undersigned attorney and made this Motion to Set Aside Default Judgment.

*Id.*

The affidavit attached to the motion recited that the motion's allegations were true and correct. The court of appeals concluded that

> [t]he assertion that the citation was "inadvertently misplaced" after service upon Motiograph's employee merely summarizes an undisclosed chain of events which purportedly excuse Motiograph's unresponsiveness. Likewise, the affidavit attached to the motion merely recites that the motion's allegations are "true and correct" and does not set forth any explanatory facts. Furthermore, there is no record that defendant tendered evidence regarding the particular facts surrounding service and the alleged loss of citation at any hearing on the motion. Under these circumstances, we hold that Motiograph has not shown itself entitled to vacation of the default judgment.

*Id.*

11

In *Anchor Fumigation*, the company president, who was served with citation, testified that she instructed an employee to fax the suit to appellant's insurance agent, expecting the agent to hire an attorney to answer the suit, but the agent mistakenly misplaced or lost the citation and petition. 2003 WL 22724766, at *2. She further stated that the agent was not consciously indifferent in failing to file an answer. *Id.* The court held this to be insufficient to establish accident or mistake, holding that

> the only proof appellant's agent lost the citation was [the company president's] conclusory statement that the agent had done so. Other than this statement, appellant presented no evidence regarding what became of the petition beyond the employee's faxing it to the agent. Specifically, appellant presented no evidence with respect to the agent's handling of the petition. There is no evidence from anyone at the insurance agency verifying that the petition was lost, explaining how it was lost, or explaining what led to the failure to file an answer. [The company president's] conclusory statement was not competent proof that the agent failed to file an answer due to mistake or accident.

*Id.*

Other cases offer similar guidance. *See, e.g.*, *In re P.J.*, No. 02-13-00052-CV, 2013 WL 6727879, at *2 (Tex. App.—Fort Worth Dec. 19, 2013, no pet.) (mem. op.) (lack of details of mother's activities which allegedly precluded her from being able to file a timely answer to child custody case brought by child's father precluded finding of accident or mistake); *Ybarra*, 751 S.W.2d at 617–18 (affidavits of two of defendants' employees which lacked details regarding who transmitted faxes and how they were allegedly directed to wrong office resulting in failure to timely answer were insufficient to establish accident or mistake).

12

Like the proof in the aforementioned cases, Snelson's affidavit is factually insufficient and conclusory and will not support a finding of abuse of discretion in this case. The affidavit concludes that Snelson prepared the answer before its due date, which itself is conclusory in the absence of details of when he received the citation, what date(s) he prepared the answer, and when he signed it. The affidavit also fails to identify the secretary to whom he allegedly gave the answer for filing, when and where he gave it to her, and what she did with it. There is also no evidence about what she did with the answer, which would be necessary to decide if what she did or did not do was an accident or mistake, and whether that may or may not have led to the answer not being filed. There is no evidence that Snelson had knowledge of what happened to the answer after he allegedly gave it to his secretary, so whatever he concluded about her action or inaction was sheer speculation. In short, the affidavit provided insufficient factual proof to establish accident or mistake or the absence of conscious indifference which would justify a conclusion that the trial court abused its discretion in denying the motion for new trial, albeit by operation of law. In the words of the *Motiograph* court,

> [T]hese statements are merely conclusory and do not set forth sufficiently specific facts from which the trial court or this court can determine whether the conscious indifference standard has been met.

555 S.W.2d at 197.

Having found that Appellants failed to preserve error on the trial court's overruling of the Motion for New Trial, or alternatively, that they failed to satisfy the

13

first element of the *Craddock* test, we need not address the remaining elements of the *Craddock* test. *See* Tex. R. App. 47.1. Appellants' sole issue on appeal is overruled.

## IV.  Conclusion

Appellants' sole issue on appeal is whether the trial court properly granted the default judgment in favor of Wallis Bank when Appellants met the *Craddock* standards outlined for setting aside a no-answer default judgment. This issue is overruled. Appellants failed to preserve error on this issue by failing to obtain a hearing on their Motion for New Trial before the Motion was overruled by operation of law. Alternatively, assuming the issue was properly preserved for appeal, Appellants failed to satisfy the first element of the *Craddock* test, *i.e.*, that the failure to answer was not intentional, or the result of conscious indifference, but was due to a mistake or accident. The judgment of the trial court is affirmed.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 29, 2021

14