**DORSID TRADING COMPANY, Appellant,**

v.

**DU–WALD STEEL CO., Appellee.**

No. 696.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 28, 1973.

---

Michael S. Wilk, Hirsch, Westheimer & Block, Houston, for appellant.

Robert H. Roch, Fisher, Roch, Blackstock, McLendon & Gallagher, Houston, for appellee.

CURTISS BROWN, Justice.

This is an appeal from the action of the trial court sustaining appellee's special appearance under Texas Rules of Civil Procedure 120a and the rendition of judgment dismissing appellant's suit for want of jurisdiction. The issue presented is the narrow one of whether there were sufficient minimum contacts or ties with the state of the forum to make it reasonable and just according to concepts of fair play and justice to permit this suit here.

Service of process was obtained upon appellee under the provisions of the Texas long arm statute, Vernon's Tex.Rev.Civ. Stat.Ann. art. 2031b (1959). It is conceded that the language of Sec. 4 of 2031b reading ". . . shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State . . ." is sufficient (when combined with other provisions of art. 2031b) to bring this service well within the letter of the Texas long arm statute.

The question thus presented is the narrow one of whether, as applied to this case, such service of process met the requirements of due process of law. We hold as a matter of law that it does.

Appellee is a corporation with its principal place of business in Colorado. Appellee has previously sold scrap metal products from its Colorado place of business to Texas customers. It did not have an office or use any employees in this state. Appellant has transacted business similar to the contract involved with appellee. The exact extent of such prior dealings is not disclosed by the agreed statement of facts. The contract sued upon originated in a telephone call from appellee in Denver to appellant in Houston, Texas. Appellant then caused the preparation of the written contract signed in Houston by it and sent to Denver. Appellee executed the contract in Denver and mailed the contract back to Houston.

Paragraph 17 of the contract provides for arbitration in Houston, Texas (relief apparently requested by neither party) and paragraph 18 of the contract expressly provides: "The contract is to be governed by the laws of Texas". The alleged cause of action arose out of this contract. The terms were "C.I.F. Duty Paid Port of Houston" and provided for shipment by rail car to final destination subject to the receipt of appellee's routing. The steel angles which were the subject of the contract were delivered and accepted at the Port of Houston. Such material was loaded on rail cars at Houston for shipment at appellee's expense to Denver. At Denver appellee rejected the material and refused to accept delivery. This suit ensued. The "convenience" of the parties is not shown to be either in Colorado or Texas other than the natural advantage of litigating on one's own home ground.

It is apparent that under the undisputed facts as above set forth that the appellee Du-Wald purposely entered into a contract for the purchase of the steel angles in question with a Texas company and through the Port of Houston. Other contacts with this state were shown. It is also clear that the cause of action arose out of and was connected with such transaction. The assumption of jurisdiction by Texas courts does not offend traditional notions of fair play and substantial justice. O'Brien v. Lanpar Company, 399 S.W.2d 340 (Tex.Sup.1966); International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957); Hearne v. Dow-Badische Chemical Company, 224 F.Supp. 90 (S.D. Tex.1963); Uvalde Rock Asphalt Co. v. Consolidated Carpet Corp., 457 S.W.2d 649 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).

The trial court's judgment dismissing the suit for want of jurisdiction is reversed and the case is ordered reinstated on its docket for trial.