Glover Constr., Inc. v. The Chemmark Corp.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-310-CV

GLOVER CONSTRUCTION, INC. APPELLANT

V.

THE CHEMMARK CORPORATION APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Glover Construction, Inc. (“Glover”) raises three issues, seeking to set aside a default judgment entered against it.  For the reasons set forth below, we will affirm.

II.  Factual and Procedural Background

Glover, an Oklahoma corporation, as buyer and Appellee ChemMark Corporation (“ChemMark”) as seller, entered into a purchase agreement.  One of the terms of delivery in the contract provided that “all product is sold hereunder F.O.B. Snyder, Texas for all bulk orders.”  Eventually ChemMark sued Glover for breach of contract, alleging that Glover had breached the purchase agreement.  ChemMark’s petition alleged that Glover engaged in business in Texas by contacting ChemMark at its plant in Snyder, Texas, by executing a contract to be performed in Texas—all product purchased in bulk by Glover was shipped F.O.B. from ChemMark’s plant in Snyder, Texas—and by paying ChemMark’s invoice in Texas.  ChemMark served Glover through the Texas Secretary of State, but the certificate of service issued by the Secretary of State’s office indicates service was had on Glo
b
er Construction Inc., not Glover Construction Inc., and that it was served by certified mail at 240
2
 South 6
th
 Street West, not the address provided for Glover in the petition, 2401 South 6
th
 Street West.  Glover concedes that it actually received service, but it did not file an answer.

ChemMark obtained a default judgment on June 24, 2004.  Glover then filed a special appearance and motions for new trial and to dismiss, both made subject to its special appearance.  The motion to dismiss sought dismissal for lack of jurisdiction on the same grounds raised in the special appearance; Glover asserts that these documents are essentially the same—the special appearance allowed it to “get in” without conceding jurisdiction and that the dismissal was the relief it sought.  After a hearing, the trial court denied Glover’s motion for new trial and motion to dismiss.  This appeal followed.

III.  Special Appearance/Motion to Dismiss
 

In its third issue, Glover claims that the trial court erred by denying its motion to dismiss.  Glover claims that the trial court lacks jurisdiction because Glover is a nonresident defendant who was not doing business in Texas.  Whether a court has personal jurisdiction over a defendant is a question of law, which we review de novo.  
BMC Software Belgium, N.V. v. Marchand
, 83 S.W.3d 789, 794 (Tex. 2002).  However, the trial court frequently must resolve questions of fact before deciding the jurisdictional question.  
Id.
 When, as here, the trial court does not issue findings of fact and conclusions of law with its special-appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied.  
Id.
 at 795.  However, in cases in which the appellate record includes both the reporter's and clerk's records, as it does here, these implied findings are not conclusive and may be challenged for legal and factual sufficiency.  
Id.
 Glover does not challenge the legal or factual sufficiency of the evidence concerning any implied finding supporting the trial court’s denial of its special appearance, so we take as established all facts necessary to support the judgment that are supported by the evidence. The plaintiff bears the initial burden of pleading allegations sufficient to bring a nonresident defendant within the provisions of the long-arm statute.  
Am. Type Culture Collection, Inc. v. Coleman
, 83 S.W.3d 801, 807 (Tex. 2002).  Upon filing a special appearance, the nonresident defendant assumes the burden to negate all the bases of personal jurisdiction alleged by the plaintiff.  
Id.  
Here, ChemMark alleged that Glover contacted ChemMark at its plant in Texas, paid ChemMark’s invoices in Texas,
(footnote: 2) and that the contract was to be performed in part in Texas because the contract required that ChemMark deliver all product purchased in bulk by Glover F.O.B. Snyder, Texas.  

The Texas long-arm statute permits Texas courts to exercise jurisdiction over a nonresident defendant that “contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state.”  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 17.042(1) (Vernon 2004-05).  ChemMark contends that the contractual provision that all product purchased in bulk by Glover shall be delivered F.O.B. Snyder, Texas, means that part of the contract is performable in Texas and that this and Glover’s other contacts with Texas make Glover amenable to suit in Texas.  Glover counters that a contractual F.O.B. provision is not enough to confer jurisdiction on Texas courts.  
See
 
Sun-X International Co. v. Witt, 
413 S.W.2d 761, 767-68 (Tex. Civ. App.—Texarkana 1967, writ ref’d n.r.e.).

In 
Sun-X
, the court of appeals held that a distributorship agreement containing a contractual provision that “all sales [are] to be f.o.b. point of shipment” did not make the nonresident defendant amenable to in personam jurisdiction in Texas.  
See id. 
 Several critical distinctions exist between the facts in 
Sun-X
 and the present facts.  First, the contractual provision here does not simply provide that all sales are F.O.B. point of shipment.  It provides that all product in bulk shall be delivered F.O.B. 
Snyder, Texas
.  The contract signed by Glover expressly contemplates that all bulk shipments of the product will be from ChemMark’s plant in Snyder, Texas.  The contract also provides that if Glover arranges for transport services, it “shall be responsible for The Product upon loading.”  Thus, Glover became responsible for the product in Texas.  These contractual facts, along with the facts that Glover contacted ChemMark in its plant in Texas, and paid ChemMark’s invoices in Texas, as well as paid Texas franchise taxes and was authorized to do business in Texas make this case more akin to the facts in
 Dorsid Trading Co. v. Du-Wald Steel Co.
, 492 S.W.2d 379, 381 (Tex. Civ. App.—Houston [14th Dist.] 1973, no writ).  In 
Dorsid
, the court of appeals held that because Du-Wald “purposely entered into a contract for the purchase of the steel angles in question with a Texas company and through the Port of Houston,” Du-Wald contacted the plaintiff in Houston, and the plaintiff’s breach of contract action arose out of this transaction, Texas courts possessed jurisdiction.  
Id.
  Because Glover purposely entered into a contract for the purchase of a product (an asphalt treatment) with a Texas company and through a plant in Snyder, Texas, and because Glover contacted ChemMark in Texas, paid ChemMark in Texas, and was authorized to do business in Texas, and because ChemMark’s breach of contract action arose out of this transaction, Texas courts possess jurisdiction.   In a “Supplement to Motion to Dismiss, Subject to Previously Filed Special Appearance,” Glover asserted forum non conveniens.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 75.051 (Vernon 2004-05).  The trial court implicitly denied Glover’s forum non conveniens contention when it denied Glover’s motion to dismiss.  
See
 
Tex. R. App. P.
 33.1(a)(2)(B).  We review a forum non conveniens determination for an abuse of discretion.  
See Gulf Oil Corp. v. Gilbert
, 330 U.S. 501, 511, 67 S. Ct. 839, 844 (1947); 
In re Smith Barney
, 975 S.W.2d 593, 596 (Tex. 1998).  Forum non conveniens is an equitable doctrine exercised when a court determines that, for convenience and the interest of justice, an action should instead be instituted in another forum, commonly because non-resident claimants are asserting claims that arose outside the state and will require application of foreign law.  
See Flaiz v. Moore
, 359 S.W.2d 872, 874-75 (Tex. 1962).  Here, Glover contends that the alternative forum of Oklahoma exists because it sued ChemMark in Oklahoma on July 22, 2004, after ChemMark obtained the default judgment at issue and after Glover had filed its  special appearance, motion to dismiss, and motion for new trial in this case.  Glover relies on the previously filed affidavit of Mr. Glover asserting that Glover had no contact with Texas, made no payments in Texas, and that no portion of the contract was performable in Texas.  Because these facts were disputed, as outlined above, we cannot hold that the trial court abused its discretion by ruling against Glover on its forum non conveniens argument.  
See, e.g., Walker v. Packer
, 827 S.W.2d 833, 839-40 (Tex. 1992) (holding that when the trial court's decision rests on the resolution of factual issues no abuse of discretion exists unless trial court could reasonably have reached only one decision).  We overrule Glover’s third issue.

IV.  Service of Citation

In its first issue, Glover argues that the trial court lacked jurisdiction to render a default judgment because service was improper.  A default judgment is improper against a defendant who has not been served in strict compliance with the law.  
See
 
Tex. R. Civ. P.
 124; 
Wilson v. Dunn
, 800 S.W.2d 833, 836 (Tex. 1990).  There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment.  
See Uvalde Country Club v. Martin Linen Supply Co.
, 690 S.W.2d 884, 885 (Tex. 1985).  When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void.  
Westcliffe, Inc. v. Bear Creek Constr., Ltd.
, 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no pet.).  However, strict compliance does not require "obeisance to the minutest detail."  
Herbert v. Greater Gulf Coast Enters., Inc.
, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ).

The rules of civil procedure require that the citation “show names of parties.”  
See
 
Tex. R. Civ. P. 
99(b)(7).  Glover contends that service was invalid here because it was mailed return receipt requested to Glober Industries, Inc.  But Glover’s name was typed correctly in the “re:” line of the citation
(footnote: 3) as well as in the style and body of the petition served on Glover, and Glover concedes that it actually received service.  The citation in this case complies with the rules of civil procedure: Glover’s correct name is set forth in the citation and in the petition, and the petition set forth facts sufficient to provide Glover with notice that it was the intended defendant.  
See Fidelity & Guar. Ins. Co. v. Drewery Const. Co., Inc.
, No. 12-04-00084-CV, 2005 WL 468323, *2 (Tex. App.—Tyler 2005, pet. filed).

Glover also complains that service was fatally defective because citation was served at 2402 South 6
th
 Street West instead of 2401 South 6
th
 Street West.  An affidavit by Paul Glover in support of Glover’s special appearance states, however, “Glover Construction’s principle place of business is located  [sic] 2401 S. 6
th
 Street West, in Muskogee, Oklahoma, 74401.  Glover Construction has a shop at 2402 S. 6
th
 Street West, in Muskogee, Oklahoma, 74401, but all business transactions and correspondence are to be received at the 2401 address.”  Thus, the record contains evidence that the 2402 address was owned and operated by Glover.  The record also contains evidence that service was made upon an agent of Glover. The person who accepted service at 2402 South 6
th
 Street, “Marilyn Smethers” signed her name and the box indicating that she was an agent is checked.  No evidence was placed before the trial court indicating that Marilyn Smethers was not an agent of Glover. Given the evidence presented to it, the trial court could have concluded that Glover was served at the correct address—a shop that is part of or connected to its principle place of business. The trial court determines the affiant's credibility and the weight accorded its testimony.  
Munson v. State
, 576 S.W.2d 440, 441 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.).  Under these facts, and because Glover actually received service, we hold the service was not defective so as to deprive the trial court of personal jurisdiction over Glover.  
Accord Regalado v. State
, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ) (holding that “[a]s long as the citation and return show, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated”); 
see also Dezso v. Harwood
, 926 S.W.2d 371, 374 (Tex. App.—Austin 1996, writ denied) (upholding default judgment because proper defendant received notice and knew she was the intended defendant); 
Cockrell v. Estevez
, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ) (upholding default judgment even though defendant’s name was misspelled in citation and return where defendant did not claim lack of service and was not misled by spelling error).  We overrule Glover’s first issue.

V.  Motion for New Trial

In its second issue, Glover argues that the trial court abused its discretion by denying Glover’s motion for new trial.  A default judgment should be set aside when the defendant establishes that (1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff.  
Carpenter v. Cimarron Hydrocarbons Corp
., 98 S.W.3d 682, 685  (Tex. 2002) (citing 
Craddock v. Sunshine Bus Lines
, 134 Tex. 388, 133 S.W.2d 124 (1939)).  Glover’s motion for new trial failed, however, to allege facts setting up a meritorious defense.
(footnote: 4)  Glover attempted to allege a meritorious defense in an amended motion for new trial, but that motion was not timely filed so it was a nullity, preserving nothing for our review.  
See Moritz v. Preiss
, 121 S.W.3d 715, 720 (Tex. 2003) (holding untimely filed amended motion for new trial is a nullity for purposes of preserving issues for appellate review).  Nor was evidence of a meritorious defense presented at the motion for new trial hearing.  Consequently, the trial court did not abuse its discretion by denying Glover’s motion for new trial.  We overrule Glover’s second issue.

Having overruled each of Glover’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: July 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Glover attached the affidavit of Paul Glover, president of Glover, to its special appearance, and Mr. Glover denied these factual allegations.  But ChemMark attached the affidavit of its president, Mark DeLong, to its response. Mr. DeLong’s affidavit references attached invoices showing that ChemMark’s invoices to Glover were specifically made payable in Dallas, Texas.  ChemMark also attached numerous documents to its response showing that Glover was doing business in Texas, including records from the Texas Department of Transportation and the Texas Secretary of State indicating that Glover had paid franchise taxes and was qualified to do business in Texas from 1998 to 2003. We take as true the facts that Glover contacted ChemMark in its plant in Texas, paid ChemMark’s invoices in Texas, and was authorized to do business in Texas.    

3:
The citation provided, in pertinent part,

May 27, 2004

Glober Construction Inc

2402 South 6
th
 Street West

Muskogee, OK 74401

RE: Chenmark Corporation vs Glover Construction, Inc

County Court at Law #1, Tarrant County, Texas

Cause No: 20040236851

Dear Sir/Madam,

4:
Glover’s motion for new trial simply stated that Glover had a meritorious defense to “the jurisdiction of this County, as set forth in Glover’s Special Appearance.”  Glover’s jurisdictional arguments were presented via its special appearance, but they do not constitute a meritorious defense to ChemMark’s breach of contract suit.