COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-310-CV
  
  
GLOVER 
CONSTRUCTION, INC.                                              APPELLANT
  
V.
  
THE 
CHEMMARK CORPORATION                                               APPELLEE
 
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Glover Construction, Inc. (“Glover”) raises three issues, seeking to set 
aside a default judgment entered against it. For the reasons set forth below, we 
will affirm.
II. Factual and 
Procedural Background
        Glover, 
an Oklahoma corporation, as buyer and Appellee ChemMark Corporation (“ChemMark”) 
as seller, entered into a purchase agreement. One of the terms of delivery in 
the contract provided that “all product is sold hereunder F.O.B. Snyder, Texas 
for all bulk orders.” Eventually ChemMark sued Glover for breach of contract, 
alleging that Glover had breached the purchase agreement. ChemMark’s petition 
alleged that Glover engaged in business in Texas by contacting ChemMark at its 
plant in Snyder, Texas, by executing a contract to be performed in Texas—all 
product purchased in bulk by Glover was shipped F.O.B. from ChemMark’s plant 
in Snyder, Texas—and by paying ChemMark’s invoice in Texas. ChemMark served 
Glover through the Texas Secretary of State, but the certificate of service 
issued by the Secretary of State’s office indicates service was had on Glober 
Construction Inc., not Glover Construction Inc., and that it was served by 
certified mail at 2402 South 6th Street West, not 
the address provided for Glover in the petition, 2401 South 6th 
Street West. Glover concedes that it actually received service, but it did not 
file an answer.
        ChemMark 
obtained a default judgment on June 24, 2004. Glover then filed a special 
appearance and motions for new trial and to dismiss, both made subject to its 
special appearance. The motion to dismiss sought dismissal for lack of 
jurisdiction on the same grounds raised in the special appearance; Glover 
asserts that these documents are essentially the same—the special appearance 
allowed it to “get in” without conceding jurisdiction and that the dismissal 
was the relief it sought. After a hearing, the trial court denied Glover’s 
motion for new trial and motion to dismiss. This appeal followed.
III. Special 
Appearance/Motion to Dismiss
        In 
its third issue, Glover claims that the trial court erred by denying its motion 
to dismiss. Glover claims that the trial court lacks jurisdiction because Glover 
is a nonresident defendant who was not doing business in Texas. Whether a court 
has personal jurisdiction over a defendant is a question of law, which we review 
de novo. BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 
2002). However, the trial court frequently must resolve questions of fact before 
deciding the jurisdictional question. Id. When, as here, the trial court 
does not issue findings of fact and conclusions of law with its 
special-appearance ruling, all facts necessary to support the judgment and 
supported by the evidence are implied. Id. at 795. However, in cases in 
which the appellate record includes both the reporter's and clerk's records, as 
it does here, these implied findings are not conclusive and may be challenged 
for legal and factual sufficiency. Id. Glover does not challenge the 
legal or factual sufficiency of the evidence concerning any implied finding 
supporting the trial court’s denial of its special appearance, so we take as 
established all facts necessary to support the judgment that are supported by 
the evidence.
        The 
plaintiff bears the initial burden of pleading allegations sufficient to bring a 
nonresident defendant within the provisions of the long-arm statute. Am. Type 
Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 807 (Tex. 2002). Upon 
filing a special appearance, the nonresident defendant assumes the burden to 
negate all the bases of personal jurisdiction alleged by the plaintiff. Id. 
Here, ChemMark alleged that Glover contacted ChemMark at its plant in Texas, 
paid ChemMark’s invoices in Texas,[2] and that the 
contract was to be performed in part in Texas because the contract required that 
ChemMark deliver all product purchased in bulk by Glover F.O.B. Snyder, Texas.
        The 
Texas long-arm statute permits Texas courts to exercise jurisdiction over a 
nonresident defendant that “contracts by mail or otherwise with a Texas 
resident and either party is to perform the contract in whole or in part in this 
state.” See Tex. Civ. Prac. 
& Rem. Code Ann. § 17.042(1) (Vernon 2004-05). ChemMark contends 
that the contractual provision that all product purchased in bulk by Glover 
shall be delivered F.O.B. Snyder, Texas, means that part of the contract is 
performable in Texas and that this and Glover’s other contacts with Texas make 
Glover amenable to suit in Texas. Glover counters that a contractual F.O.B. 
provision is not enough to confer jurisdiction on Texas courts. See Sun-X 
International Co. v. Witt, 413 S.W.2d 761, 767-68 (Tex. Civ. 
App.—Texarkana 1967, writ ref’d n.r.e.).
        In 
Sun-X, the court of appeals held that a distributorship agreement 
containing a contractual provision that “all sales [are] to be f.o.b. point of 
shipment” did not make the nonresident defendant amenable to in personam 
jurisdiction in Texas. See id. Several critical distinctions exist 
between the facts in Sun-X and the present facts. First, the contractual 
provision here does not simply provide that all sales are F.O.B. point of 
shipment. It provides that all product in bulk shall be delivered F.O.B. Snyder, 
Texas. The contract signed by Glover expressly contemplates that all bulk 
shipments of the product will be from ChemMark’s plant in Snyder, Texas. The 
contract also provides that if Glover arranges for transport services, it 
“shall be responsible for The Product upon loading.” Thus, Glover became 
responsible for the product in Texas. These contractual facts, along with the 
facts that Glover contacted ChemMark in its plant in Texas, and paid 
ChemMark’s invoices in Texas, as well as paid Texas franchise taxes and was 
authorized to do business in Texas make this case more akin to the facts in Dorsid 
Trading Co. v. Du-Wald Steel Co., 492 S.W.2d 379, 381 (Tex. Civ. 
App.—Houston [14th Dist.] 1973, no writ). In Dorsid, the court of 
appeals held that because Du-Wald “purposely entered into a contract for the 
purchase of the steel angles in question with a Texas company and through the 
Port of Houston,” Du-Wald contacted the plaintiff in Houston, and the 
plaintiff’s breach of contract action arose out of this transaction, Texas 
courts possessed jurisdiction. Id. Because Glover purposely entered into 
a contract for the purchase of a product (an asphalt treatment) with a Texas 
company and through a plant in Snyder, Texas, and because Glover contacted 
ChemMark in Texas, paid ChemMark in Texas, and was authorized to do business in 
Texas, and because ChemMark’s breach of contract action arose out of this 
transaction, Texas courts possess jurisdiction.
        In 
a “Supplement to Motion to Dismiss, Subject to Previously Filed Special 
Appearance,” Glover asserted forum non conveniens. See Tex. Civ. Prac. & Rem. Code Ann. § 
75.051 (Vernon 2004-05). The trial court implicitly denied Glover’s forum non 
conveniens contention when it denied Glover’s motion to dismiss. See Tex. R. App. P. 33.1(a)(2)(B). We review 
a forum non conveniens determination for an abuse of discretion. See Gulf Oil 
Corp. v. Gilbert, 330 U.S. 501, 511, 67 S. Ct. 839, 844 (1947); In re 
Smith Barney, 975 S.W.2d 593, 596 (Tex. 1998). Forum non conveniens is an 
equitable doctrine exercised when a court determines that, for convenience and 
the interest of justice, an action should instead be instituted in another 
forum, commonly because non-resident claimants are asserting claims that arose 
outside the state and will require application of foreign law. See Flaiz v. 
Moore, 359 S.W.2d 872, 874-75 (Tex. 1962). Here, Glover contends that the 
alternative forum of Oklahoma exists because it sued ChemMark in Oklahoma on 
July 22, 2004, after ChemMark obtained the default judgment at issue and after 
Glover had filed its special appearance, motion to dismiss, and motion for new 
trial in this case. Glover relies on the previously filed affidavit of Mr. 
Glover asserting that Glover had no contact with Texas, made no payments in 
Texas, and that no portion of the contract was performable in Texas. Because 
these facts were disputed, as outlined above, we cannot hold that the trial 
court abused its discretion by ruling against Glover on its forum non conveniens 
argument. See, e.g., Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) 
(holding that when the trial court's decision rests on the resolution of factual 
issues no abuse of discretion exists unless trial court could reasonably have 
reached only one decision). We overrule Glover’s third issue.
IV. Service of 
Citation
        In 
its first issue, Glover argues that the trial court lacked jurisdiction to 
render a default judgment because service was improper. A default judgment is 
improper against a defendant who has not been served in strict compliance with 
the law. See Tex. R. Civ. P. 
124; Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). There are no 
presumptions in favor of valid issuance, service, and return of citation in the 
face of a direct attack on a default judgment. See Uvalde Country Club v. 
Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). When the attempted 
service of process is invalid, the trial court acquires no personal jurisdiction 
over the defendant, and the default judgment is void. Westcliffe, Inc. v. 
Bear Creek Constr., Ltd., 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no 
pet.). However, strict compliance does not require "obeisance to the 
minutest detail." Herbert v. Greater Gulf Coast Enters., Inc., 915 
S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ).
        The 
rules of civil procedure require that the citation “show names of parties.” See 
Tex. R. Civ. P. 99(b)(7). Glover 
contends that service was invalid here because it was mailed return receipt 
requested to Glober Industries, Inc. But Glover’s name was typed correctly in 
the “re:” line of the citation[3] as well as in 
the style and body of the petition served on Glover, and Glover concedes that it 
actually received service. The citation in this case complies with the rules of 
civil procedure: Glover’s correct name is set forth in the citation and in the 
petition, and the petition set forth facts sufficient to provide Glover with 
notice that it was the intended defendant. See Fidelity & Guar. Ins. Co. 
v. Drewery Const. Co., Inc., No. 12-04-00084-CV, 2005 WL 468323, *2 (Tex. 
App.—Tyler 2005, pet. filed).
        Glover 
also complains that service was fatally defective because citation was served at 
2402 South 6th Street West instead of 2401 South 6th 
Street West. An affidavit by Paul Glover in support of Glover’s special 
appearance states, however, “Glover Construction’s principle place of 
business is located [sic] 2401 S. 6th Street West, in Muskogee, 
Oklahoma, 74401. Glover Construction has a shop at 2402 S. 6th Street 
West, in Muskogee, Oklahoma, 74401, but all business transactions and 
correspondence are to be received at the 2401 address.” Thus, the record 
contains evidence that the 2402 address was owned and operated by Glover. The 
record also contains evidence that service was made upon an agent of Glover. The 
person who accepted service at 2402 South 6th Street, “Marilyn 
Smethers” signed her name and the box indicating that she was an agent is 
checked. No evidence was placed before the trial court indicating that Marilyn 
Smethers was not an agent of Glover.
        Given 
the evidence presented to it, the trial court could have concluded that Glover 
was served at the correct address—a shop that is part of or connected to its 
principle place of business. The trial court determines the affiant's 
credibility and the weight accorded its testimony. Munson v. State, 576 
S.W.2d 440, 441 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.). Under these 
facts, and because Glover actually received service, we hold the service was not 
defective so as to deprive the trial court of personal jurisdiction over Glover. 
Accord Regalado v. State, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 
1996, no writ) (holding that “[a]s long as the citation and return show, with 
reasonable certainty, that the citation was served on the defendant in the suit, 
service of process will not be invalidated”); see also Dezso v. Harwood, 
926 S.W.2d 371, 374 (Tex. App.—Austin 1996, writ denied) (upholding default 
judgment because proper defendant received notice and knew she was the intended 
defendant); Cockrell v. Estevez, 737 S.W.2d 138, 140 (Tex. App.—San 
Antonio 1987, no writ) (upholding default judgment even though defendant’s 
name was misspelled in citation and return where defendant did not claim lack of 
service and was not misled by spelling error). We overrule Glover’s first 
issue.
V. Motion for 
New Trial
        In 
its second issue, Glover argues that the trial court abused its discretion by 
denying Glover’s motion for new trial. A default judgment should be set aside 
when the defendant establishes that (1) the failure to answer was not 
intentional or the result of conscious indifference, but the result of an 
accident or mistake, (2) the motion for new trial sets up a meritorious defense, 
and (3) granting the motion will occasion no undue delay or otherwise injure the 
plaintiff. Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 685 
(Tex. 2002) (citing Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 
S.W.2d 124 (1939)). Glover’s motion for new trial failed, however, to allege 
facts setting up a meritorious defense.[4]  
Glover attempted to allege a meritorious defense in an amended motion for new 
trial, but that motion was not timely filed so it was a nullity, preserving 
nothing for our review. See Moritz v. Preiss, 121 S.W.3d 715, 720 (Tex. 
2003) (holding untimely filed amended motion for new trial is a nullity for 
purposes of preserving issues for appellate review). Nor was evidence of a 
meritorious defense presented at the motion for new trial hearing. Consequently, 
the trial court did not abuse its discretion by denying Glover’s motion for 
new trial. We overrule Glover’s second issue.
        Having 
overruled each of Glover’s issues, we affirm the trial court’s judgment.
 
  
                                                                  SUE 
WALKER
                                                                  JUSTICE


  
PANEL 
A:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DELIVERED: 
July 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Glover attached the affidavit of Paul Glover, president of Glover, to its 
special appearance, and Mr. Glover denied these factual allegations. But 
ChemMark attached the affidavit of its president, Mark DeLong, to its response. 
Mr. DeLong’s affidavit references attached invoices showing that ChemMark’s 
invoices to Glover were specifically made payable in Dallas, Texas. ChemMark 
also attached numerous documents to its response showing that Glover was doing 
business in Texas, including records from the Texas Department of Transportation 
and the Texas Secretary of State indicating that Glover had paid franchise taxes 
and was qualified to do business in Texas from 1998 to 2003. We take as true the 
facts that Glover contacted ChemMark in its plant in Texas, paid ChemMark’s 
invoices in Texas, and was authorized to do business in Texas.
3.  
The citation provided, in pertinent part,
May 
27, 2004
 
Glober 
Construction Inc
2402 South 6th Street West
Muskogee, OK 74401

RE:Chenmark 
Corporation vs Glover Construction, Inc
County 
Court at Law #1, Tarrant County, Texas
Cause 
No: 20040236851
        Dear 
Sir/Madam,
4.  
Glover’s motion for new trial simply stated that Glover had a meritorious 
defense to “the jurisdiction of this County, as set forth in Glover’s 
Special Appearance.” Glover’s jurisdictional arguments were presented via 
its special appearance, but they do not constitute a meritorious defense to 
ChemMark’s breach of contract suit.