**AAVID THERMAL TECHNOLOGIES OF TEXAS d/b/a Aavid Engineering, Inc., Appellant,**

v.

**IRVING INDEPENDENT SCHOOL DISTRICT, City of Irving, Texas, and County of Dallas, Appellees.**

No. 05–00–00839–CV.

Court of Appeals of Texas, Dallas.

June 11, 2001.

Lawrence Fischman, Glast, Phillips & Murray, P.C., Dallas, for Aavid Thermal Technologies of Texas.

Demetris A. Sampson, Edward Lopez, Jr., Blair, Goggan, Sampson & Meeks, Dallas, for City of Irving & Dallas County.

James W. Deatherage, Power & Deatherage, Todd Wyatt Deatherage, Irving, for Irving Independent School Dist.

Before LAGARDE, BRIDGES, and RICHTER, JJ.

## OPINION

LAGARDE, Justice.

In this restricted appeal, Aavid Thermal Technologies of Texas appeals a default judgment awarding appellees delinquent ad valorem taxes plus postjudgment interest and costs. In two points of error, appellant contends the description of the taxed property in the citation of service did not strictly comply with rule of civil procedure 117a and the trial court erred by not holding a rule 243 hearing on unliquidated damages. For reasons that follow, we overrule appellant's two points of error and affirm the default judgment.

### Factual and Procedural Background

On September 15, 1999, Irving Independent School District ("Irving ISD") sued appellant to recover delinquent ad valorem taxes due on personal property allegedly owned by appellant. Irving ISD attached a certified copy of appellant's delinquent tax statement to its petition and later filed updated certified copies of the delinquent tax statement and tax rolls. Appellant's registered agent, C.T. Corporation Systems, was served with citation on September 21, 1999. The citation stated that the suit was "to collect ad valorem taxes on the property here after [sic] described" as "personal property located at 580 Decker Drive, # 200, Irving, TX." Appellant concedes it received service of this citation but made no appearance in the trial court. The City of Irving ("the City") and Dallas County subsequently intervened, alleging appellant owed delinquent ad valorem taxes on personal property located at the Decker Drive address. The City attached a certified copy of appellant's tax receivable history to its petition in intervention and later filed updated certified copies of appellant's tax receivable history and the Irving tax rolls. Dallas County filed a certified copy of appellant's Dallas County tax notice with the court on December 3, 1999. Appellant failed to answer or appear. Accordingly, the trial court rendered a default judgment against appellant, and ordered appellant to pay $11,946.23 in delinquent taxes, exclusive of costs, penalties, and interest. Appellant timely perfected this restricted appeal.

### Restricted Appeal

A restricted appeal (formerly "writ of error") is a direct attack on the trial court's judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 943 (Tex.1991). A restricted appeal (i) must be brought within six months after the judgment was signed, (ii) by a party to the suit who did not participate in the hearing that resulted in the judgment complained of, and (iii) the error complained of must be apparent on the face of the record. *Id.* The only issue in this case is whether the complained-of errors are apparent on the face of the record.

### Sufficiency of Citation

In its first point of error, appellant contends the citation of service does not support the default judgment because it did not strictly comply with rule of civil

procedure 117a. *See* Tex.R.Civ.P. 117a. Specifically, appellant contends the description of the property subject to taxation as "personal property located at 580 Decker Drive, #200, Irving, TX" was too general to meet the rule's requirement that the citation contain a "general description" of the personal property on which the tax was assessed. *See* Tex. R.Civ.P. 117a. Appellant contends the default judgment is void despite proper service because the citation was insufficient as a matter of law. We disagree.

█ Subdivision four of rule 117a states that the citation is sufficient if it contains, among other requirements, a "brief general description of the property upon which the taxes are due." Tex.R.Civ.P. 117a(4). Subdivision six states that if the taxes are on personal property a "general description of such personal property shall be sufficient." Tex.R.Civ.P. 117a(6). The purpose of citation is to give the court proper jurisdiction over the parties and to provide notice to the defendant that he has been sued, and by whom and for what, so that due process will be served and he will have an opportunity to appear and defend the action. *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 404, 241 S.W.2d 142, 146 (1951); *Bozeman v. Arlington Heights Sanitarium,* 134 S.W.2d 350, 351–52 (Tex.Civ. App.—Dallas 1939, writ ref'd).

█ In Texas, a default judgment will not be rendered void when a defendant is served under the wrong name but is not misled or placed at a disadvantage by the pleadings and citation. *Dezso v. Harwood,* 926 S.W.2d 371, 374 (Tex.App.—Austin 1996, writ denied); *Cockrell v. Estevez,* 737 S.W.2d 138, 140 (Tex.App.—San Antonio 1987, no writ). That principle applies equally in cases like this, where the defendant properly receives service but the citation contains only a brief general description of the property upon which taxes are due. Appellant presented no evidence that it was misled or placed at a disadvantage by the citation and pleadings. In fact, appellant concedes it properly received service. Although the description of the property did not explicitly state what specific items of personal property were at issue, such a description is unnecessary under rule 117a. The citation gave appellant sufficient notice that it was being sued by the Irving ISD for delinquent ad valorem taxes on personal property located at a specific address. The citation also informed appellant that failing to answer could result in a default judgment. Instead of appearing and contesting either the ownership of the personal property or the validity of the tax assessment, appellant chose to ignore the notice. This citation provided appellant all the notice to which it was entitled when it was originally served with process and gave appellant the opportunity to appear and defend the suit. We overrule appellant's first point of error.

## Rule 243   Hearing on Unliquidated Damages

█ In its second point of error, appellant contends the trial court erred by not conducting a hearing on damages. Specifically, appellant contends appellees' claims for ad valorem taxes are unliquidated claims requiring a rule 243 hearing. Appellant further contends the failure of the trial court to make a record of any evidentiary hearings constitutes error on the face of the record requiring reversal and remand for a new trial. Because we hold that appellees' claims are liquidated, we overrule appellant's second point of error.

█ Once a default judgment is taken against a non-answering defendant, all allegations of material fact set forth in the petition are deemed admitted, except for the amount of unliquidated damages. *Tex.*

*Commerce Bank, Nat'l Ass'n v. New,* 3 S.W.3d 515, 516 (Tex.1999); *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). If the claim is unliquidated or is not proved by an instrument in writing, the court must hear evidence as to damages and render judgment based on that evidence, unless the defendant demands and is entitled to a jury trial. TEX.R.CIV.P. 243. Examples of unliquidated damages are the determination of property value absent written instruments verifying the value, personal injury damages, and claims based on repair estimates. *See Willacy County Appraisal Review Bd. v. South Padre Land Co.,* 767 S.W.2d 201, 204 (Tex. App.—Corpus Christi 1989, no writ) (holding determination of property value, in case to decide if assessed value was excessive, is not a liquidated demand where only evidence of property value was the conclusory allegation of value in plaintiff's unsworn petition); *Jones v. Andrews,* 873 S.W.2d 102, 107 (Tex.App.—Dallas 1994, no writ) (damages for personal injuries are unliquidated); *Alvarado v. Reif,* 783 S.W.2d 303, 305 (Tex.App.—Eastland 1989, no writ) (holding that claim for damages based on repair estimate is not a liquidated damage).

█ But if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, unless the defendant demands and is entitled to a trial by jury. TEX.R.CIV.P. 241. A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual, as opposed to the conclusory, allegations in plaintiff's petition and the instrument in writing. *Novosad v. Cunningham,* 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet. h.) (holding that suit to recover amount due for professional services was a liquidated claim proved by written instru-

ments where plaintiff attached original invoices to verified petition and motion for default judgment); *Mantis v. Resz,* 5 S.W.3d 388, 392 (Tex.App.—Fort Worth 1999, pet. denied) (holding that in a suit on a sworn account, the petition with an attached sworn account and verified affidavit of the sworn account was a liquidated claim proved by written instruments); *Sheshunoff & Co. v. Scholl,* 560 S.W.2d 113, 115 (Tex.Civ.App.—Houston [1st Dist.] 1977) (holding that no reporter's record was required in suit to recover damages for breach of employment contract because the claim for damages was liquidated and proved by the employment contract attached to the petition), *rev'd on other grounds,* 564 S.W.2d 697 (Tex.1978).

█ Appellant contends the damages in this case were unliquidated as a matter of law and not proved by an instrument in writing. Specifically, appellant contends the certified tax rolls and tax statements are not "instruments in writing" because they are not signed by the entity to be charged with the taxes. These arguments lack merit. First, the certified tax rolls and tax statements attached to appellees' various petitions and filings with the court are written instruments. *See Wood v. Griffin & Brand,* 671 S.W.2d 125, 130 (Tex.App.—Corpus Christi 1984, no writ) (tax records are written instruments). Appellant's definition of "instrument in writing" would apply to a case involving the statute of frauds under section 2.201(a) of the business and commerce code, but does not apply in the context of rule 241. *Compare* TEX.BUS. & COM.CODE ANN. § 2.201(a) (Vernon 1994) *with* TEX.R.CIV.P. 241. Rule 241 does not define what constitutes an "instrument in writing," but Texas courts have found various types of instruments, unsigned by the person to be charged with the debt, to be written instruments under rule 241. *See, e.g., Novo-*

*sad,* 38 S.W.3d at 773 (invoices are written instruments); *Mantis,* 5 S.W.3d at 392 (sworn account is a written instrument). If the instrument in writing is attached to the plaintiff's petition and if the amount of damages can be calculated from the allegations in the petition, judgment should be entered for that amount against the defaulting defendant. *First Nat'l Bank v. Shockley,* 663 S.W.2d 685, 688 (Tex.App.— Corpus Christi 1983, no writ). Here, the amount of delinquent ad valorem taxes could be calculated from appellees' petitions and attached documentation.

Moreover, the tax rolls and tax statements attached to appellees' petitions and filed with the court constituted prima facie evidence of appellees' claims. *See* TEX.TAX CODE ANN. § 33.47(a) (Vernon Supp.2001); *Davis v. City of Austin,* 632 S.W.2d 331, 333 (Tex.1982) (holding that the taxing authority established its prima facie case as to every material fact necessary to establish the cause of action when it introduced a copy of the delinquent tax record, certified by the proper taxing authority to be true and correct with the amount stated thereon to be unpaid). By presenting copies of delinquent tax rolls certified by the proper taxing authority showing that the taxes in question were due, delinquent, and unpaid, appellees sufficiently established a prima facie case for collection of delinquent taxes. Because the amount of damages could be accurately determined by the court from the petition and the instruments in writing, the damages were liquidated and no rule 243 hearing was required. We overrule appellant's second point of error.

For the foregoing reasons, we overrule appellant's two points of error and affirm the trial court's judgment.