**Affirm in part; Reverse in part; Remand; Opinion Filed February 8, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01150-CV

## B&R DEVELOPMENT, INC., Appellant

## V.

## HCBECK, LTD., Appellee

On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 10-00819-M

# MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang
Opinion By Justice Moseley

B&R Development, Inc. (B&R) files a restricted appeal of an adverse no-answer default judgment granted in favor of HCBeck, Ltd. (HCBeck). Asserting four issues on appeal, B&R argues: (1) the trial court erred by failing to hold a hearing on HCBeck's claim for unliquidated damages; (2) the default judgment should be set aside and a new trial ordered because the judgment violated B&R's procedural right to proper service and notice, and, separately, because its failure to appear was not a result of conscious indifference and B&R has a meritorious defense; and (3) defensive issues on the face of the record should have precluded the trial court from granting the default judgment. The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this

memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the judgment in part, reverse the judgment in part, and remand the cause for further proceedings consistent with this opinion.

HCBeck was hired to design and build a hall for a church. HCBeck hired B&R to provide foundation-related construction services for the project. After it was completed, the hall experienced foundation problems and HCBeck determined the problems were due to faulty work by B&R. HCBeck asserts it suffered $68,976 in damages as a result of B&R's defective work.

On or about January 22, 2010, HCBeck sued B&R for breach of contract and negligence. Three months later, HCBeck filed a motion for substituted service of process. In its motion, HCBeck stated it had attempted to serve process on B&R's registered agent located at 9137 Gunnison Drive, Dallas, Texas, 75231-4815. The constable who attempted to serve the petition determined the Gunnison address was not longer valid and the property was vacant. Counsel for HCBeck then provided the constable with the registered agent's home address. Although the constable attempted service on four occasions at the residence, he was unsuccessful. HCBeck filed a motion requesting service be perfected through the Secretary of State. After the trial court granted the motion on June 20, 2010, HCBeck perfected service through the Secretary of State. The Secretary of State attempted to forward the citation to B&R's registered agent's address at 9137 Gunnison Drive, Dallas, Texas, 75231-4815; the process was returned to the Secretary of State on August 2, 2010, with the notation "Unclaimed."

On October 8, 2010, HCBeck moved for default judgment against B&R and requested damages in the amount of $68,976 plus interest, costs, and attorney's fees. To support its damages request, HCBeck attached an affidavit with supporting documentation to its motion. The trial court did not conduct a hearing on the motion. Six months later, in April 2011, the trial court granted HCBeck's motion for default judgment and awarded, among other things, $68,976 in damages

–2–

against B&R for breach of contract. B&R did not file a motion for new trial. Instead, on August 29, 2011, B&R filed a notice of restricted appeal.

To reverse the default judgment in this restricted appeal, B&R must establish (1) it filed the notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law; and (4) any error is apparent on the face of the record. *See Brown v. Ogbolu*, 331 S.W.3d 530, 533 (Tex. App.—Dallas 2011, no pet.) (citing TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)). Only the fourth element is disputed in this appeal.

In its fourth issue, B&R asserts the trial court erred by granting the default judgment because "there were [statute of] limitations issues on the face of the record." Limitations is an affirmative defense, TEX. R. CIV. P. 94, that is waived if not pled. *See G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 544 (Tex. App.—Dallas 2005, no pet.). Because B&R did not file any response to the suit, it did not plead a limitations defense. Likewise, B&R did not otherwise assert a limitations defense at any point in the proceedings. Accordingly, even if the record might support an affirmative defense, absent B&R pleading that defense, the trial court did not err by entering a default judgment against B&R. We overrule B&R's fourth issue.

In its first issue, B&R argues the trial court erred by awarding unliquidated damages without conducting an evidentiary hearing. HCBeck responds that the damages are liquidated and, therefore, no hearing was required. When a no-answer default judgment is taken, all material facts in the petition are deemed admitted, except for the amount of any unliquidated damages. *Aavid Thermal Techs. of Tex. v. Irving Indep. Sch. Dist.*, 68 S.W.3d 707, 710 (Tex. App.—Dallas 2001, no pet.).

If the claim is unliquidated or is not proved by a written instrument, the trial court must hear damages evidence and render judgment based on that evidence. *See* TEX. R. CIV. P. 243; *Aavid Thermal Techs.*, 68 S.W.3d at 711. A claim is unliquidated if the amount of damages cannot be accurately calculated by the trial court from the factual allegations in the petition and written instruments. Claims based on repair estimates are unliquidated. *See Aavid Thermal Techs.*, 68 S.W.3d at 711.

HCBeck did not specify the monetary value of its alleged damages in its petition. When it filed its motion for default judgment, HCBeck requested damages in the amount of $68,976, plus pre- and post-judgment interest, costs of court, expenses, and attorney's fees and expenses. To support its damages request, HCBeck provided the trial court with an affidavit, which had documents attached to it. The affidavit was executed by one of HCBeck's employees, the company's Director of Risk Management, who averred:

> 3.    Attached to this affidavit are true and [sic] copies of invoices for foundation repair and associated other repairs. These invoices were submitted to Plaintiff contemporaneously with the repair work described therein. The forty-four (44) attached pages accurately reflect the reasonable and necessary cost incurred by Plaintiff to repair the damages caused by Defendant B&R Development, Inc. at the Lewisville Church of Christ project.
>
> 4.    The total cost for these repairs was $68,976.00.

The documents attached to the affidavit relate to the foundation repair work. Two documents state they each provide a "proposal request" and a "quote";[1] likewise, two other documents state that each document is a "Turnkey Concrete Proposal," provides a "Base Bid Total," and states "Thank you for

---

[1] For example, the documents from Frank Dale Construction, Ltd. state each document is a "Proposal Request" and that "[t]he above [quoted prices for work] represents the current quotes for the scope of work described above and is submitted for your approval and issuance of a change order. The above proposal price has been quoted for normal working hours and is subject to change if not released within seven (7) days . . . If you have any questions regarding the scope of work or the individual quotes please let me know as soon as possible." HCBeck did not sign the blanks below the heading "Acceptance by Owners [sic] Representative."

the Opportunity to Bid This Project." By their own terms, these documents are bids, proposals, and quotes, not invoices. Therefore, standing alone, the documents are not sufficient to support a claim for liquidated damages without additional testimony or evidence. The damages HCBeck requested were unliquidated and the trial court was required to hold a hearing to hear damages evidence and render judgment based on that evidence. *See id.*

HCBeck argues that even if the damages are unliquidated, the Director of Risk Management's affidavit alone was sufficient to prove up the damages in the absence of a hearing. Although unliquidated damages can be proven through an affidavit rather than a live hearing, *see Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516-17 (Tex. 1999), the Director of Risk Management's affidavit and attached documentation are insufficient. While the affidavit does state HCBeck suffered $68,976 in damages, the attached documents do not support that figure. As appellee's counsel conceded at oral argument, when the bids, quotes, proposals, and other documents attached to the affidavit are added together, they do not total $68,976.00; they total approximately $87,000. Thus, while the affidavit states that the Director of Risk Management attached invoices, those invoices "accurately reflect the reasonable and necessary costs" to repair the foundation damage, and the total cost for the repairs was $68,976, the documents were not invoices, and, either they do not accurately reflect the reasonable and necessary costs to repair the damage or the damages were not equal to$68,976. Thus, on the face of the record, the evidence is insufficient to support the trial court's award of $68,976. We sustain B&R's first issue.

We address B&R's second and third issues together. B&R argues the default judgment should be set aside and a new trial ordered because the judgment violated B&R's due process rights, namely its procedural right to proper service and notice. B&R proffers two arguments to show HCBeck did not use reasonable diligence to serve B&R: first, B&R claims the constable's affidavit

does not state he attempted to serve B&R at the Gunnison address and, second, the parties' contract provided that notices are to be sent to a specific address (which is not the Gunnison address) and HCBeck did not attempt service at the contract address. Additionally, B&R asserts that even if it was properly served, its failure to appear was not a result of conscious indifference and it has a meritorious defense.

In this appeal, B&R does not challenge the trial court's order granting HCBeck's motion for substituted service. Once the trial court granted HCBeck's motion for substituted service, HCBeck was required to strictly comply with the trial court's order. *See generally*, TEX. R. CIV. P. 106(b); *Dolly v. Aethos Commc'n Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.); *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.). Thus, once the trial court granted HCBeck's motion for substituted service, HCBeck was required to serve B&R via the Secretary of State; whether the constable's return of service regarding prior service attempts was properly completed or whether HCBeck should have attempted service at the contract address became irrelevant at that time.

B&R then argues it is entitled to a new trial under *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), because its failure to answer was not due to conscious indifference, but was a result of mistake or accident. In *Craddock*, the Texas Supreme Court stated:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; *provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.*

*Craddock*, 133 S.W.2d at 126 (emphasis added). To be entitled to a new trial under *Craddock*, B&R was required to file a motion for new trial with the trial court. *See id.*; *Dolgencorp of Texas, Inc. v.*

−6−

*Lerma*, 288 S.W.3d 922, 925 (Tex. 2009); *Renaissance Park v. Davila*, 27 S.W.3d 252, 255, n.7 (Tex. App.—Austin 2000, no pet.). *But see Dixon v. Sanders*, No. 01-10-00814-CV, 2011 WL 2089760 (Tex. App.—Houston [1st Dist.] May 19, 2011, no pet.) (applying the *Craddock* test to a restricted appeal). Because B&R did not file a motion for new trial, we decline to apply the *Craddock* test.

We overrule B&R's second and third issues.

Having resolved B&R's four issues, we reverse the trial court's award of damages to HCBeck for its breach of contract claim and remand this cause to the trial court for further proceedings with respect to HCBeck's request for damages on its breach of contract claim. We affirm the trial court's judgment in all other respects.

_____
JIM MOSELEY
JUSTICE

111150F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

B&R DEVELOPMENT, INC., Appellant

No. 05-11-01150-CV     V.

HCBECK, LTD, Appellee

Appeal from the 298th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. 10-00819-M).
Opinion delivered by Justice Moseley,
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED IN PART** and **REVERSED IN PART** .

We **REVERSE** the trial court's award of damages to appellee HCBeck, Ltd. for its breach of contract claim, and we **REMAND** for further proceedings as to that claim. We **AFFIRM** the trial court's judgment in all other respects. It is **ORDERED** that each party bear its own costs on appeal.

Judgment entered February 8, 2013.


JIM MOSELEY
JUSTICE