

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00055-CV

**CARLO MOTORS INC.**,
Appellant

v.

Escillas **DE LOS SANTOS**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2018CV05541
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Rebeca C. Martinez, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: August 7, 2019

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Appellee Escillas De Los Santos obtained a no-answer default judgment for breach of contract and violations of the Deceptive Trade Practices Act ("DTPA") against Appellant Carlo Motors, Inc. ("Carlo Motors"). On appeal, Carlo Motors claims the trial court erred when it: (1) denied Carlo Motors' motion for new trial; and (2) granted default judgment for unliquidated damages not supported by evidence. Carlo Motors also complains that De Los Santos's attorney represented Carlo Motors in a previous suit and this conflict of interest entitles Carlo Motors to a new trial.

**BACKGROUND**

On September 19, 2017, De Los Santos entered into a written contract to purchase a vehicle for $18,451 from Carlo Motors. De Los Santos took possession of the vehicle and began making monthly payments. Several months after De Los Santos purchased the vehicle, he informed Carlo Motors that he would cease making payments unless the title of the vehicle was transferred to his name. The next day, Carlo Motors repossessed the vehicle even though De Los Santos was current on his payments.

On September 11, 2018, De Los Santos filed suit against Carlo Motors claiming Carlo Motors breached their contract by failing to transfer title and repossessing the vehicle. De Los Santos also alleged Carlo Motors knowingly and intentionally violated the DTPA—entitling him to treble damages, attorney's fees, and court costs. Carlo Motors was properly served citation on September 21, 2018, and its answer was due by 10:00 AM on October 15, 2018.[1] On October 18, 2018, the trial court signed a no-answer default judgment in favor of De Los Santos granting all requested damages and relief against Carlo Motors. Later that same day—after De Los Santos obtained the default judgment—Carlo Motors filed its original answer.

On November 13, 2018, Carlo Motors filed its first motion for new trial. The trial court held a hearing and denied the motion for new trial on November 16, 2018. On December 26, 2018, Carlo Motors filed a second motion for new trial. On January 10, 2019, Carlo Motors also filed a motion to disqualify De Los Santos's attorney. Carlo Motors' second motion for new trial and

---

[1] *See* TEX. R. CIV. P. 99(c) (An answer is due "with the clerk who issued [the] citation by 10:00 AM on the Monday next following the expiration of twenty days after [the defendant was] served . . . .").

motion to disqualify counsel were both dismissed by the trial court for want of jurisdiction because they were filed after the trial court's plenary power had expired.[2]  Carlo Motors appeals.

### WAIVED ARGUMENTS

Carlo Motors attempts to argue on appeal that filing an answer on the same day the trial court enters a default judgment—albeit after the default judgment was already entered—entitles it to a new trial.  Carlo Motors also attempts to argue, for the first time on appeal, that De Los Santos's attorney previously represented Carlo Motors in another matter and this conflict of interest entitles it to a new trial.

An appellant's "brief must contain clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."  *See* TEX. R. APP. P. 38.1(i).  An appellant waives any issues that are not adequately briefed because nothing is presented for our review when the appellant fails to cite relevant authority, provide relevant citations to the record, or provide substantive analysis of the issue raised in the brief.  *Olivarri v. Olivarri*, No. 04-17-00477-CV, 2018 WL 2418467, at *2 (Tex. App.—San Antonio May 30, 2018, no pet.) (mem. op.).

Here, Carlo Motors does not cite the record or any legal authority supporting the issues it raises regarding its answer and the alleged conflict of interest.  Carlo Motors simply does not address these issues in its brief other than stating the issues in the "Issues Presented" portion of its brief.  Therefore, Carlo Motors has waived these issues.

### MOTION FOR NEW TRIAL

We must next determine whether the trial court abused its discretion when it denied Carlo Motors' motion for new trial.  The trial court does not abuse its discretion unless the defaulting

---

[2] *See* TEX. R. CIV. P. 329b(e) ("If a motion for new trial is timely filed by any party, the trial court . . . has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled . . . .").

party establishes all three elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939). *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). Under *Craddock* and its progeny, a default judgment should be set aside when the defaulting party establishes: (1) the failure to appear was not intentional or the result of conscious indifference, but rather the result of accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment. *Id.* at 925 (citing *Craddock*, 133 S.W.2d at 126). "The historical trend in default judgment cases is toward the liberal granting of new trials." *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex. App.—San Antonio 2002, pet. denied). "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it does not grant a new trial." *Lerma*, 288 S.W.3d at 926 (declaring a movant must meet *all* three of the *Craddock* elements in its motion for new trial to prevail on appeal).

Here, Carlo Motors did not establish its failure to appear was not intentional or the result of conscious indifference, nor did it demonstrate that granting the new trial will occasion no undue delay or otherwise injure De Los Santos. In its motion for new trial, Carlo Motors only claims it filed an answer after the default judgment was signed by the trial court and that it had a meritorious defense to De Los Santos's claims. However, all three elements of the *Craddock* test must be established in its motion for new trial for an appellant to show the trial court abused its discretion when it did not grant a new trial. *See id.* While Carlo Motors properly alleged a meritorious defense, its failure to establish the other two *Craddock* elements is fatal to its claim for a new trial.[3]

---

[3] We do not consider Carlo Motors' second motion for new trial because it was not timely filed and was properly dismissed by the trial court for want of jurisdiction. *See* TEX. R. CIV. P. 329b(e). The result of this appeal would have been the same even if we did consider Carlo Motors' second motion for new trial because Carlo Motors failed to establish the second and third elements of the *Craddock* test in the second motion.

Because Carlo Motors did not establish all three elements of the *Craddock* test, we hold the trial court did not abuse its discretion when it denied Carlo Motors' motion for new trial. Carlo Motors' first issue is overruled.

## DAMAGES

Carlo Motors argues in its second issue that it is entitled to a new trial because the damages awarded to De Los Santos are unliquidated and, absent a reporter's record, there is insufficient evidence to support an award of unliquidated damages.

"It is well settled that once a default judgment is taken against a non-answering defendant on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, *except* the amount of damages." *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (emphasis added). Although a plaintiff must produce evidence of unliquidated damages before a trial court may enter a default judgment on those damages under rule 243 of the Texas Rules of Civil Procedure, that evidence may be produced in the form of affidavits so long as the amount of unliquidated damages can be proved with reasonable certainty. *Id.* at 516–18; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992). For liquidated damages, however, the trial court can render a default judgment if it can verify the damages by referring to the allegations in the petition *and* they are "proved by an instrument in writing." TEX. R. CIV. P. 241; *see also Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Before we can determine whether there is sufficient evidence to support the damages in this case, we must first determine whether the damages awarded to De Los Santos were liquidated or unliquidated. "A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual, as opposed to the conclusory, allegations in plaintiff's petition and the instrument in writing." *Aavid Thermal Tech. of Tex. v. Irving Ind. Sch. Dist.*, 68 S.W.3d 707, 711 (Tex. App.—Dallas 2001, no pet.). "If the instrument in writing is attached to the plaintiff's

petition and if the amount of damages can be calculated from the allegation in the petition, judgment should be entered for that amount against the defaulting defendant." *First Nat'l Bank of Irving v. Shockley*, 663 S.W.2d 685, 688 (Tex. App.—Corpus Christi-Edinburg 1983, no writ); *see also Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding suit to recover amount due for professional services was a liquidated claim proved by written instruments where plaintiff attached original invoices to verified petition and motion for default judgment).

In contrast, "unliquidated damages are not susceptible to exact calculation and involve a range of possible answers." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 186 (Tex. 2012). "For this reason, a defaulting defendant admits facts establishing liability but not any claimed amount of unliquidated damages." *Id.* (citing *Holt Atherton*, 835 S.W.2d at 83).

## A. Unliquidated Damages

Here, De Los Santos attached his own affidavit to the motion for default judgment attesting to damages in the amount of: (1) $4,658.61 for money he had already paid for the vehicle; (2) $320.00 in reimbursement for tires he had put on the vehicle before it was repossessed; (3) $120.00 in reimbursement for a battery he had put in the vehicle before it was repossessed; and (4) $12,050.00 for his loss of use of the vehicle. Further, De Los Santos requested these damages be trebled under the DTPA because Carlo Motors had knowingly and intentionally violated the act. De Los Santos did not attach written instruments to support these damages and they cannot be accurately calculated by the trial court from conclusory allegations in De Los Santos's petition and affidavit. *Holt Atherton*, 835 S.W.2d at 83 (citing TEX. R. CIV. P. 243) ("The amount of [unliquidated damages] must be shown with competent evidence with reasonable certainty."). Because these damages cannot be accurately calculated by the trial court from the factual, as opposed to the conclusory, allegations in De Los Santos's petition and affidavit, they are

unliquidated. Because these damages are unliquidated—and the amounts are not supported by a written instrument—evidence of these damages must be heard by the trial court.

Under *Holt Atherton*, Carlo Motors does not admit De Los Santos's claims for unliquidated damages notwithstanding its failure to answer the lawsuit. And, because the trial court did not hold an evidentiary hearing on damages, there is insufficient evidence to uphold the trial court's judgment awarding De Los Santos $17,148.61[4] in unliquidated damages. *Holt Atherton*, 835 S.W.2d at 83; *see also* TEX. R. CIV. P. 243 ("If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket."). The portion of the trial court's judgment granting additional damages in the amount of $51,445.83 must also be reversed because it is based on the improper award of unliquidated damages.

## B. Liquidated Damages

De Los Santos also requested attorney's fees and court costs under section 38.001 of the Texas Civil Practice and Remedies Code and the DTPA. In contrast to his request for unliquidated damages, De Los Santos attached an affidavit from his attorney describing the reasonableness of the fees and a written instrument—in the form of the attorney's original invoice—supporting his attorney's fees and court costs. Because the claim for attorney's fees and court costs may be accurately calculated by the trial court from the factual, as opposed to the conclusory, allegations in De Los Santos's petition and the written instrument, the attorney's fees and court costs are a

---

[4] This is the sum of the unliquidated damages: (1) $4,658.61 for money De Los Santos had already paid for the vehicle; (2) $320.00 in reimbursement for tires; (3) $120.00 in reimbursement for a battery; and (4) $12,050.00 for his loss of use of the vehicle.

liquidated claim for damages that is properly supported by evidence. *See Aavid Thermal*, 68 S.W.3d at 711; *see also Novosad*, 38 S.W.3d at 767 (holding an original invoice attached to a verified petition supports a finding that the amount owed under the invoice for professional services is a liquidated claim).

## CONCLUSION

We affirm the portion of the trial court's judgment awarding De Los Santos $5,699.14 in attorney's fees and court costs. We reverse the portion of the trial court's judgment awarding De Los Santos $17,148.61 in unliquidated damages and $51,445.83 in additional damages and remand the cause to the trial court for further proceedings on the issues of unliquidated and additional damages. *See Holt Atherton*, 835 S.W.2d at 86 ("[W]hen an appellate court sustains a no evidence point after an *uncontested* hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages.").

Rebeca C. Martinez, Justice