**AFFIRMED and Opinion Filed July 22, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00919-CV**

**CAROLINA PORTURAS, Appellant**
**V.**
**JEFF ANGLOBALDO, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-01546-2023**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Appellee Jeff Anglobaldo sued Carolina Porturas, Milagros Porturas, and Jonas De Cardenas for breach of contract, unjust enrichment, and conversion regarding an alleged agreement to purchase drawer slides from China and ship them to Peru. On appeal, Carolina Porturas challenges the trial court's denial of her first amended special appearance because she is not a Texas resident and that Anglobaldo failed to allege sufficient facts to bring her within Texas's long-arm jurisdiction. Based on the record demonstrating Carolina's presence in Texas at the time

Anglobaldo served her with process via citation, we affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

"Whether a court has personal jurisdiction over a defendant is determined as a matter of law, which appellate courts review de novo." *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010). When, as here, a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, we imply all facts necessary to support the judgment that the evidence supports. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When the relevant facts are undisputed, an appellate court need not consider implied findings of fact and considers only the legal question of whether the undisputed facts establish jurisdiction. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018).

The record contains a return of service showing Anglobaldo served Carolina in Richardson, Texas. Carolina filed a special appearance, which she later amended in parts not relevant to our disposition, stating she was not a Texas resident but was a resident of Peru. Carolina also filed an unsworn declaration that stated, "The facts contained in the Special Appearance are true and correct." *See* TEX. CIV. PRAC. & REM. CODE § 132.001. Carolina has not attacked the truth

or the propriety of Anglobaldo's return of service in her special appearance, unsworn declaration, or appeal.[1]

"The purpose of citation is to give the court proper jurisdiction over the parties and to provide notice to the defendant that he has been sued, and by whom and for what, so that due process will be served and he will have an opportunity to appear and defend the action." *Aavid Thermal Techs. of Texas v. Irving Indep. Sch. Dist.*, 68 S.W.3d 707, 710 (Tex. App.—Dallas 2001, no pet.). The return of service "has long been considered prima facie evidence of the facts recited therein." *Primate Const.,*

---

[1] The following exchange occurred during the special appearance hearing:

[Porturas's counsel]: Your Honor, Mrs. Porturas is not a resident of the State of Texas, she's a resident of the State of Peru, and regarding the service of process, our clients have informed us that the process server handed all three copies of the citation to the same defendant, Milagros Porturas.

And while this time Carolina Porturas --

THE COURT: You're making an argument aren't you?

[Porturas's counsel]: Yes, Your Honor.

THE COURT: This is just for evidence at this moment. Is there any other evidence you have?

We have found no evidence in the record supporting counsel's statement concerning service.

Generally, an attorney's statements are not evidence unless they are made under oath. *See United States Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997). "[T]he opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary." *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). Here, Anglobaldo had no reason to know he needed to object because the court stopped Carolina's counsel, who immediately confirmed his statement concerning service was argument instead of evidence. Thus, counsel's statement is not evidence in support of Carolina's special appearance. *See McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ) ("Motions and arguments of counsel are not evidence.").

*Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (cleaned up). Recitations in the return of service carry so much weight that they cannot be rebutted by uncorroborated proof. *Id.* (cleaned up). The undisputed return of service shows Carolina was personally served in Richardson.

The fact of personal service in Texas subjects Carolina to personal jurisdiction in Texas. *See Burnham v. Superior Court of Cal., County of Marin*, 495 U.S. 604, 619, 628–29, 638, 640 (1990); *Hanschen, Trustee of David Hanschen Heritage Trust Two v. Hanschen*, No. 05-19-01134-CV, 2020 WL 2764629, at \*2 (Tex. App.—Dallas May 28, 2020, no pet.) (mem. op.). "[The long-arm statute's] reference to nonresident defendants within its reach is a truistic necessity to reflect the reality that long-arm service is not needed to obtain service over a defendant who is physically present in the state." *Winnsboro Auto Ventures, LLC v. Santander Consumer USA, Inc.*, No. 05-17-00895-CV, 2018 WL 1870771, at \*3 (Tex. App.—Dallas Apr. 19, 2018, no pet.) (mem. op.) (citing *Burnham*, 495 U.S. at 619 (opinion of SCALIA, J.)).

This is a common thread expressed by every member of the *Burnham* court:

SCALIA, J., plurality op., joined by REHNQUIST, C.J., KENNEDY and WHITE, J.J.: "Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State." *Burnham*, 495 U.S. at 610. "The short of the matter is that jurisdiction based on physical presence alone constitutes due

process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.' That standard was developed by analogy to 'physical presence,' and it would be perverse to say it could now be turned against that touchstone of jurisdiction." *Id.* at 619. "For new procedures, hitherto unknown, the Due Process Clause requires analysis to determine whether 'traditional notions of fair play and substantial justice' have been offended . . . But a doctrine of personal jurisdiction [the in-state service rule] that dates back to the adoption of the Fourteenth Amendment and is still generally observed unquestionably meets that standard." *Id.* at 621, 622 (not joined by WHITE, J.).

WHITE, J., concurring in part and concurring in the judgment: "The rule allowing jurisdiction to be obtained over a nonresident by personal service in the forum State, without more, has been and is so widely accepted throughout this country that I could not possibly strike it down, either on its face or as applied in this case, on the ground that it denies due process of law guaranteed by the Fourteenth Amendment." *Id.* at 628.

BRENNAN, J.*,* concurring in the judgment, joined by MARSHALL, BLACKMUN, and O'CONNOR, J.J.: "I agree with JUSTICE SCALIA that the Due Process Clause of the Fourteenth Amendment generally permits a state court to exercise jurisdiction over a defendant if he is served with process while voluntarily present in the forum State." *Id.* at 628–29. "Without transient jurisdiction, an asymmetry would arise: A

transient would have the full benefit of the power of the forum State's courts as a plaintiff while retaining immunity from their authority as a defendant." *Id.* at 638.

STEVENS, J., concurring in the judgment: "For me, it is sufficient to note that the historical evidence and consensus identified by Justice SCALIA, the considerations of fairness identified by Justice BRENNAN, and the common sense displayed by Justice WHITE, all combine to demonstrate that this is, indeed, a very easy case. Accordingly, I agree that the judgment should be affirmed." *Id.* at 640.

Thus, even if Carolina is correct that (1) Anglobaldo failed to allege sufficient jurisdictional facts to bring her within the reach of Texas's long-arm statute, (2) she negated the jurisdictional allegations in Anglobaldo's petition via her special appearance and unsworn declaration, and (3) the trial court improperly considered Anglobaldo's service of citation and emails for the purposes of its long-arm jurisdiction analysis, each is inapposite because the trial court's exercise of jurisdiction was not based on long-arm jurisdiction; instead, it was based on transient jurisdiction because the undisputed record indicates Carolina was present for service of process in Texas. *See Stallworth v. Stallworth*, 201 S.W.3d 338, 344 (Tex. App.—Dallas 2006, no pet.) ("An assertion of personal jurisdiction based on physical presence alone constitutes due process."); *see also Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 195 (5th Cir. 2019) (transient jurisdiction "is established by serving process on a nonresident defendant while it is physically present in the forum state.").

Thus, we overrule all five of Carolina's issues because service in Richardson, Texas alone satisfies all components of Due Process and establishes the court's personal jurisdiction over her without regard to the long-arm statute.[2]

We affirm the trial court's denial of Carolina Porturas's special appearance.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

220919F.P05

---

[2] 1. "Did Anglobaldo fail to allege sufficient jurisdictional facts to bring Porturas within the reach of the Texas long-arm statute?

2. Did Porturas satisfy her burden to negate the jurisdictional allegations in Anglobaldo's Original Petition by pleading in her Special Appearance that she is not a resident of the State of Texas?

3. Does service of citation establish amenability to process as required for the exercise of long-arm jurisdiction by a Texas court?

4. Did the trial court err in considering jurisdictional allegations made by Anglobaldo which were not pled in his Original Petition?

5. Did the trial court err in finding that it could properly exercise personal jurisdiction over Porturas?"



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

CAROLINA PORTURAS, Appellant

No. 05-23-00919-CV       V.

JEFF ANGLOBALDO, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-01546-2023.
Opinion delivered by Justice Carlyle. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JEFF ANGLOBALDO recover his costs of this appeal from appellant CAROLINA PORTURAS.


Judgment entered this 22nd day of July 2024.